ANDREWS, Judge.
This is an appeal by the defendant Madeline B. McCormick from a final decree of divorce granted the plaintiff John W. McCormick, from denial of a motion for rehearing, and a motion to vacate the decree under F.R.Civ.P. 1.38(b), 30 F.S.A. The decree appealed from included an approval in substance of a Stipulation and Agreement between the parties as to their jointly owned property and alimony in the event of divorce.
Plaintiff, an attorney, and defendant were married on June 23, 19S0, each having been previously married and each having one son by the previous marriage. The parties had not been living together continuously over a period of approximately three years prior to the filing of the complaint by the plaintiff on July 25, 1963, both the parties being residents of Lake County.
On July 18, 1963 after two conferences with an attorney, a mutual friend recommended by the plaintiff, the defendant executed a “Stipulation and Agreement” as to a division of the jointly owned property and for alimony in the event of divorce, and an answer and waiver of further notice of all further proceedings in any divorce action that might be instituted.
*221 The complaint, answer and waiver, stipulation and agreement, motion to waive 20-day waiting period were filed, testimony taken and final decree of divorce entered on July 25, 1963.
The final decree provided that the wife would quitclaim her interest in the home of the parties in consideration of the sum of $8,000.00 if and when sold, and pending sale the husband would pay the wife $50.00 per month to be credited on the said'$8,000.00. The wife was granted the interest of the parties to a house in North Carolina, subject to a mortgage which the wife assumed and agreed to pay. Alimony was fixed at $100.00 per month until the wife should remarry or die, and an additional $50.00 per month for 13 years certain, which would amount to approximately the amount necessary to pay the mortgage on the North Carolina property. The decree also provided for an additional payment to the wife of $50.00 per month while she attended nursing school in addition to school tuition of $125.00 when due. Each of the parties was awarded their personal possessions. The wife also received title to a 1963 Volkswagen. The furniture in the home was awarded the husband, and the wife agreed to quitclaim all her interest in all other property to the husband.
Petition for rehearing and motion to vacate final decree under the provisions of F.R.C.P. 1.38(b) were filed on August 6, 1963. After two days of testimony the court denied motion for rehearing and denied motion to vacate the final decree.
The complaint alleges as grounds for divorce extreme cruelty, violent and ungovernable temper. Such allegations were established by the testimony of the plaintiff and were corroborated by a medical doctor friend of the parties. The plaintiff filed motion to waive the 20-day requirement for delay in the entry of the final judgment as authorized by F.S.A. § 65.20, on the grounds that the plaintiff had indications of a slight stroke and as a result delay would be extremely detrimental to his health. Such allegations were corroborated by the same doctor. The allegation and proof as to the divorce and as to the effect of delay upon the health of the plaintiff appears borderline, but consideration of the factual situation according to the record before the court at the time in its entirety established that the court properly denied rehearing.
We now consider the question of the allegation and proof upon which the defendant requested the court to set aside the decree upon a showing as required by F.R. C.P. 1.38(b). A careful study of the record subsequent to the entry of the final decree clearly established that fraud was perpetrated upon the court by misrepresentation of essential facts. The corroborating witness at the later hearing completely negated his previous testimony to the effect that a delay of twenty days would be very detrimental to the health of the plaintiff. He also greatly modified his testimony as to the effect of the outburst, attitude or actions of the defendant toward the plaintiff so as to create serious doubts as to the sufficiency of the corroboration of the proof necessary to sustain a divorce on grounds of mental cruelty or violent and ungovernable temper. As we view it, the corroborating testimony is inadequate to sustain the charges in the complaint. Wilburn v. Wilburn, Fla.App. 1962, 143 So.2d 518 at page 520; Chisholm v. Chisholm, 1929, 98 Fla. 1196, 125 So. 694, headnote 23.
In the record on appeal the plaintiff described the defendant as a person who for many years could not remember or recall incidents, and as a person who had “two left feet,” did not properly care for the children, and that her competence to handle routine matters was limited. The record further shows that the plaintiff controlled and managed the financial affairs of the parties, and that the defendant took no part in such matters.
*222 The Stipulation and Agreement recites that there was knowledge on the part of each party of the status, conditions and prospects of the other party. Such fact is not borne out by the record. An examination of the record on appeal reveals that the very limited disclosure by the plaintiff of his income, assets, liabilities and net worth was not sufficient to form the basis for the defendant and her counsel to competently determine that the provisions made for the wife were fair and in accordance with the legal responsibility of the husband to the wife. As an example, the defendant’s coun■sel understood the income of the plaintiff to be $7,500 per year, including his salary ■as Assistant State Attorney, while the income tax return of the plaintiff for 1962 ■showed income substantially in excess of said amount. The failure of the plaintiff to disclose such facts upon which the counsel for the defendant could properly advise his client under the circumstances here con■stituted fraud.
The counsel representing the defendant, who is not the counsel representing the defendant at the post decretal hearing or on •■appeal had no real knowledge or under■standing of any of these facts, and relied •upon the plaintiff’s representations.
The record established that the court had ample authority to set aside its decree by virtue of F.R.C.P. 1.38(b), Columbus Hotel Corporation v. Hotel Management Co., 1934, 116 Fla. 464, 156 So. 893, headnote 2, and there was sufficient competent evidence of the fact that the Stipulation and Agreement was not entered into competently, freely and voluntarily by the defendant, and accordingly, the court should have set the same aside under authority of the criteria set forth in Masilotti v. Masilotti, 1947, 158 Fla. 663, 29 So.2d 872.
Accordingly, the decree is reversed with directions that the Stipulation and Agreement be decreed void, and that defendant be permitted to file an amended answer.
The other points raised on appeal need not be considered in view of the holdings as set forth above.
Reversed, with directions.
SMITH, Acting C. J., concurs.
FUSSELL, CARROLL W., Associate Judge, dissents with opinion.