444 So.2d 495 (1984)
Susan H. WESCOTT, Appellant,
v.
Ralph M. WESCOTT, Appellee.
No. 82-2871.
District Court of Appeal of Florida, Second District.
January 13, 1984.
Rehearing Denied February 3, 1984.
*496 H. Michael Evans, Clearwater, for appellant.
Wayne O. Smith, of Wallace, Smith, Finck & Beach, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
Appellant appeals from an order dismissing with prejudice her action against her former husband to set aside a final judgment of dissolution of marriage. She also appeals an order dissolving a lis pendens which she filed to assert rights to real property which she had conveyed to her former husband pursuant to the final judgment of dissolution. We affirm the orders.
The Wescotts' marriage was dissolved by final judgment on January 27, 1981. On July 9, 1982, Mrs. Wescott filed this independent action seeking relief from the final judgment of dissolution, alleging that Mr. Wescott had committed perjury by giving false testimony at the final dissolution hearing and by falsely concealing income and assets.
Mrs. Wescott claims that the trial court had authority to set aside the final judgment under Florida Rule of Civil Procedure 1.540(b), which allows relief from judgments under certain types of circumstances. Rule 1.540(b) provides two avenues of relief from judgment  either by motion brought within one year of the final judgment or by an independent action for which no time period is specified. Of these two avenues, the only one available to Mrs. Wescott was an independent action, not a motion, because more than one year had expired since the final judgment of dissolution had been entered. Thus, we turn our attention to that portion of rule 1.540(b) which concerns independent actions.
The last sentence of rule 1.540(b) states, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court." A number of Florida cases have interpreted that sentence to mean that a court could relieve a party from a judgment, or set aside a judgment, only for fraud upon the court. See citations in Brown v. Brown, 432 So.2d 704, 711-14 (Fla. 3d DCA 1983). However, we agree with Judge Pearson's analysis in Brown where he concluded that the last sentence of rule 1.540(b) must be read in the disjunctive and refers to both the general power of a court to entertain an independent action to relieve a party from a judgment and the power of a court to set aside a judgment for fraud upon the court. As Judge Pearson points out, this portion of the rule is merely a savings clause, preserving to the courts their former powers to relieve a party from a judgment or to set aside a judgment. Brown, 432 So.2d at *497 712 n. 4. Thus, we must address what those powers of a court are.
Turning first to the power of a court to set aside a judgment for fraud upon the court, this category of fraud is at least "rather nebulous." 7 J. Moore and J. Lucas, Moore's Federal Practice, ¶ 60.33 (2d ed. 1979). Moore's states that fraud upon the court is only that species of fraud which does, or attempts to, defile the court itself or is perpetrated by officers of the court so that the judicial machinery cannot perform in its usual, impartial manner. Id. Some examples of behavior which have been termed fraud upon the court are bribery, attempted influence of the court, corruption of the jury, and dishonesty of an attorney in dealing with the court. Id. at ¶ 60.33, pp. 512-513 and cases cited therein. In any event, fraud upon the court generally does not include fraud between the parties. Id. at ¶ 60.33, p. 515 n. 58.
In the instant case, Mrs. Wescott alleged that Mr. Wescott's activities in the original dissolution action had amounted to a fraud upon the court. However, the trial court disagreed and found no fraud upon the court. We agree with that determination, taking into account the foregoing description in Moore's of fraud upon the court. However, our conclusion that, as a result, Mrs. Wescott was not entitled to maintain this independent action requires an analysis of whether, as set out in the last sentence of rule 1.540(b), the trial court could entertain an independent action to relieve her from the judgment on grounds other than fraud upon the court.
Fraud is one of the well-accepted grounds for bringing an independent action for relief from a judgment. Fraud between the parties (referring to fraud other than fraud upon the court) is either extrinsic or intrinsic fraud. Extrinsic fraud includes a party being "prevented by trick, artifice or other fraudulent conduct from fairly presenting his claim or defenses or introducing relevant and material evidence." Moore's, ¶ 60.37(1), p. 613. On the other hand, perjury, as was alleged by Mrs. Wescott, is considered to be intrinsic fraud. Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1943); Fair v. Tampa Electric Co., 158 Fla. 15, 27 So.2d 514 (1946).
While extrinsic fraud will support an independent action to set aside a judgment, intrinsic fraud will not. "[I]t is a universal rule that in cases of attack on judgments via chancery suits to set them aside because of fraud it is necessary that the fraud be extrinsic as distinguished from intrinsic... ." Fair, 27 So.2d at 515. Similarly, the United States Supreme Court has stated, "It has frequently been said that where the ground for a bill of review is fraud, review will not be granted unless the fraud was extrinsic... . The distinction between extrinsic and intrinsic fraud is not technical but substantial... . The classic example of intrinsic as contrasted with extrinsic fraud is the commission of perjury by a witness. An allegation that a witness perjured himself is insufficient because the materiality of the testimony, and opportunity to attack it, was open at trial." Hazel-Atlas Glass Co., 322 U.S. at 261 n. 18, 64 S.Ct. at 1009 n. 18, 88 L.Ed. at 1264 n. 18.
Thus, allegations that intrinsic fraud, such as perjury, occurred in a lawsuit are insufficient grounds for bringing an independent lawsuit, as here, to set aside the judgment in the first lawsuit.[1] The trial court was correct in dismissing appellant's complaint.
The situation in this case is different from that in Brown v. Brown, supra. Brown, as is the case before us, was an independent action to set aside a final judgment of dissolution. But the court in Brown determined that the fraud alleged *498 was extrinsic fraud, thus allowing the bringing of the independent action. The fraud in Brown allegedly occurred when the husband fraudulently induced his wife to enter into a property settlement agreement which was thereafter judicially approved. The court noted that "fraud, deceit, artifice, or trickery employed in procuring a complaining party's consent to a voluntary judgment or decree entered pursuant to a fraudulently procured agreement is regarded as extrinsic fraud... ." Brown, 432 So.2d at 714, citing Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 So. 893, 897 (1934). On the other hand, in the case now before us, the fraud allegedly occurred in the testimony at the final hearing and in a failure to make full disclosure of assets to the court. Accordingly, the record indicates that, unlike the Brown situation, the property distribution in this case was not made pursuant to an agreement between the parties but resulted from the evidence and testimony before the court.
As pointed out in Brown, the matter of when a final judgment is vulnerable to subsequent attack on the grounds of fraud, or on other grounds, involves two conflicting policies  "that litigation must come to an end ... and that justice should be accorded in a particular case." 432 So.2d at 707. We readily concede that the distinction between extrinsic and intrinsic fraud is often obscure and that consistency in prior case law, as outlined in Brown, has often been difficult to perceive. However, the policy to be followed in cases applying the principle that a showing of extrinsic fraud is necessary in independent suits to set aside a judgment on the basis of fraud is spelled out in Fair: "[I]f this restriction were not placed on suits of this kind litigation would become interminable, so the rule is invoked even though injustice may result in individual circumstances." 27 So.2d at 515. A party who alleges intrinsic fraud as grounds in an independent action to set aside a judgment is deemed to be estopped from asserting in a separate suit what he could have (at least theoretically) asserted in the proceedings in the prior suit where the fraud occurred. See Truitt v. Truitt, 383 So.2d 276, 278 (Fla. 5th DCA 1980); Hazel-Atlas, supra.[2]
We find no merit in appellant's remaining contentions.
AFFIRMED.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] In contrast, allegations of either intrinsic or extrinsic fraud may be sufficient grounds for a motion to set aside a judgment if the motion is made in the same lawsuit within one year after entry of the judgment, pursuant to rule 1.540(b). See Fair v. Tampa Electric Co., supra, and McCormick v. McCormick, 181 So.2d 220 (Fla. 2d DCA 1965), each an example of a motion to set aside or vacate a judgment in the same action within one year following the judgment.
[2] The holding of this court in Erhardt v. Erhardt, 362 So.2d 70 (Fla. 2d DCA 1978), which involved intrinsic fraud, is consistent with our present holding. However, dicta in Erhardt that there is only one basis for relief under the final sentence of rule 1.540(b), to wit, fraud upon the court, is not consistent with our present reasoning, see Brown, 432 So.2d at 713-14, and is not followed.