CAMPBELL, Judge.
Appellant, Mildred A. Willis Rosen-thal, seeks review of a final judgment dissolving her partnership with appellee and disposing of the partnership assets. The partnership was primarily a cattle raising operation conducted on appellant’s ranch in DeSoto County. Among other things, appellant alleged in her complaint for dissolution of the partnership and an accounting, that appellee had removed partnership cattle from the ranch and failed to account for them. The case proceeded to a nonjury trial. Prior to the conclusion of the trial, the parties, through their attorneys, stipulated to a consent judgment. While the judgment itself stated that it was entered upon the evidence presented, it is clear from the trial court’s subsequent order denying appellant’s motion for corrected judgment and motion for new trial, that the judgment was entered as a result of being “settled by a consent and compromise agreement after a full day of testimony.” While appellant’s motions for relief from judgment were styled “Motion for New Trial” and “Amended Motion for New Trial,” it is clear to us that they qualify as a timely filed motion to vacate judgment under Florida Rule of Civil Procedure 1.540(b)(3).
The essential allegations of those motions are that appellee falsely and fraudulently represented that all of the partnership cattle were located on appellant’s lands. The distribution of partnership assets provided for in the final judgment called for appellant to “be entitled to all of the partnership assets located on the real property owned by her,” and certain specifically enumerated “articles of personal property of the partnership ... not located on the real property of” appellant. In turn, appellant was to pay to appellee the sum of $17,500, and appellee was to receive all partnership assets not located on the property of appellant. The final judgment does not refer to “cattle.” However, appellant alleges that had appellee not falsely represented that all partnership cattle were located on appellant’s property, she would not have been induced to consent to the entry of judgment. The effect of her allegation is that the intent of the settlement was for her to receive all of the partnership cattle, that it was represented to her that all of the cattle were on her property, and the judgment, therefore, contained that qualifying language that the assets she was to receive were located on her property.
Nevertheless, she specifically consented in the pleadings to receive only the partnership assets located on her property, which she refers to as “cattle,” but alleges her actual intent was to receive all the cattle of the partnership wherever located. She further alleges she relied upon appellee’s unverified representations as to the location of the cattle for the purpose of settling the litigation, when the heart of the litigation itself was centered around appellee’s alleged misrepresentations regarding the whereabouts of the partnership assets. Based upon the sparse record before us, which reveals only those bare allegations, it is difficult for us to grasp the full thrust of the merits of appellant’s motion to vacate. But, the merits of the case are not for our consideration.
Appellant has, in a timely motion seeking relief from judgment, made allegations of fraud and misrepresentation on the part of appellee as an inducement to her consent to the terms of the final judgment. The trial court denied the motion without holding a hearing thereon. We have absolutely no record before us except for the pleadings below. The credibility of appellant’s allegations should only be determined by the trial court after an evidentia-ry hearing thereon.
*1079 We, therefore, reverse the trial court’s denial of appellant’s post-judgment motions for relief and remand for hearings thereon in order for the trial court to determine whether or not there was such fraud and/or misrepresentation by appellee to justify vacating the final judgment. The final judgment below is not disturbed by this court at this time. If either party is aggrieved by the actions of the trial court regarding the motions for relief from judgment, they must appeal anew any order entered by the trial court.
Reversed and remanded in accordance with instructions herein.
GRIMES, A.C.J., and DANAHY, J., concur.