677 So.2d 949 (1996)
In re ESTATE OF Gwendolyn Gaffney WILLIS, Appellant,
v.
Richard GAFFNEY and Earl L. Gaffney, Appellees.
No. 95-00345.
District Court of Appeal of Florida, Second District.
July 31, 1996.
*950 J. Davis Connor of Peterson, Myers, Craig, Crews, Brandon & Puterbaugh, P.A., Winter Haven, for Appellant.
Vince E. Turner of Joiner & Turner, Winter Haven, for Appellees.
LAZZARA, Judge.
The appellant, the Estate of Gwendolyn Gaffney Willis (the Estate), challenges an order denying a motion for new trial in which the trial court determined that the motion was untimely filed. We reverse and remand for further proceedings because the trial court erroneously treated the motion as one filed under Florida Rule of Civil Procedure 1.530(b) instead of 1.540(b).
On May 9, 1994, following a nonjury trial, the trial court rendered a final judgment for the appellees, Richard Gaffney and Earl L. Gaffney, in which it set aside a residential warranty deed they allegedly executed in favor of the Estate's decedent, their sister, and quieted their title in the property against the claims of the Estate and other entities. The trial court determined, in that regard, that the appellees had established that their signatures on the deed had been forged. The Estate later filed a motion for rehearing which the trial court denied in an order rendered on November 23, 1994.
On December 20, 1994, the Estate filed a pleading styled "Motion for New Trial" pursuant to rule 1.540(b) in which it alleged that one of the appellees' key witnesses committed perjury, thereby causing a fraud to be perpetrated on the trial court.[1] The Estate supported the allegation by attaching a detailed affidavit from the witness in which the witness swore that he falsely testified that he had forged the signature of one of the appellees on the deed. The witness further affirmed that the appellees induced him to give this false testimony in return for their assistance in his pending criminal appeal and for the payment of money which he ultimately received. The Estate, based on this turn of events, thus asserted that "[t]his fraud upon the Court was prejudicial and warrants a new trial."
The trial court denied the motion without a hearing in an order rendered on January 4, 1995. In doing so, it treated the motion as one filed under rule 1.530(b) which provides in part that "[a] motion for new trial or for rehearing shall be served not later than 10 days after ... the date of filing of the judgment in a non-jury action." After determining that the motion was served more than ten days after the filing of the judgment, the trial concluded that it was untimely under the rule and had to be denied. The Estate then commenced this appeal.[2]
The essence of the Estate's argument is that the trial court erred in applying the time constraints of rule 1.530(b) because its motion, although styled "Motion for New Trial," invoked the provisions of rule 1.540(b) which provides a mechanism to "relieve a party or a party's legal representative from a final judgment" *951 based on, among other reasons, "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Under the rule, a motion asserting this reason as a basis for relief "shall be made ... not more than 1 year after the judgment ... was entered or taken." Thus, the Estate contends, had the motion been properly considered as one filed under rule 1.540(b), it was clearly filed within the time parameters required by the rule and should not have been summarily denied. We agree.
We begin our analysis by restating the well-settled law of Florida that "[a] pleading will be considered what it is in substance, even though mislabelled." Sodikoff v. Allen Parker Co., 202 So.2d 4, 6 (Fla. 3d DCA 1967), cert. denied, 210 So.2d 226 (Fla.1968). Accord Balboa Ins. Co. v. W.G. Mills, Inc., 403 So.2d 1149, 1150-1151 (Fla. 2d DCA 1981) (citing Sodikoff). Thus, "the character of a motion will depend upon its grounds or contents, and not on its title." Jones v. Denmark, 259 So.2d 198, 200 n. 1 (Fla. 3d DCA 1972). Accord Concept, L.C. v. Gesten, 662 So.2d 970, 973 n. 3 (Fla. 4th DCA 1995) ("Courts now sanction less preciseness in the labeling of motions, looking more to their substance.").
Although not specifically relying on this legal concept, we recognized it implicitly in Rosenthal v. Ford, 443 So.2d 1077 (Fla. 2d DCA 1984), a case strikingly similar to this one. In Rosenthal, we concluded that while appellant's motions for relief from judgment based on fraud and misrepresentation of the appellee were styled "Motion for New Trial" and "Amended Motion for New Trial," nevertheless, the motions were clearly sufficient to "qualify as a timely filed motion to vacate judgment under Florida Rule of Civil Procedure 1.540(b)(3)." Id. at 1078. In accord with Rosenthal, we likewise conclude that although the Estate mislabelled its motion, it clearly was seeking relief under the substantive provisions of rule 1.540(b)(3) because of the fraud allegedly perpetrated by the appellees in inducing one of the witnesses to commit perjury in relation to the critical factual issue of forgery of the deed. Accordingly, the trial court erred in not treating the motion as one filed under rule 1.540(b) and in denying it as untimely.
We also conclude, in line with Rosenthal, that "[t]he credibility of appellant's allegations should only be determined by the trial court after an evidentiary hearing thereon." Id. at 1078. See also Southern Bell Tel. & Tel. Co. v. Welden, 483 So.2d 487, 489 (Fla. 1st DCA 1986) (where moving party's allegations raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing, as well as permissible discovery, is required). Although we express no opinion on the merits of the Estate's motion and its supporting affidavit, it is clear that if these allegations are true, the Estate would be entitled to relief under rule 1.540(b)(3). See Kashino v. Morell, 449 So.2d 958, 960 (Fla. 4th DCA 1984); Wescott v. Wescott, 444 So.2d 495, 497 n. 1 (Fla. 2d DCA 1984); McCormick v. McCormick, 181 So.2d 220, 221, (Fla. 2d DCA 1965), cert. denied, 188 So.2d 807 (Fla.1966).[3] During the pendency of the trial court's ultimate determination on the merits, however, the final judgment shall remain undisturbed. Fla. R. Civ. P. 1.540(b) ("A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation.").
We, therefore, reverse the trial court's denial of the Estate's post-judgment motion for relief from the final judgment and remand for an evidentiary hearing on the merits. Any party aggrieved by the trial court's ultimate disposition of the motion must appeal anew any order entered by the trial court.
*952 Reversed and remanded for further proceedings.
THREADGILL, C.J., and FRANK, J., concur.
NOTES
[1] The witness was the son of the decedent and the nephew of the appellees.
[2] The Estate's first notice sought to appeal the trial court's original final judgment. It later filed another notice directed at the trial court's denial of its request for relief under rule 1.540(b), followed by yet another notice appealing both decrees. We subsequently granted the appellees' motion to dismiss the appeal relating to the final judgment as being untimely filed but denied the motion as to the rule 1.540(b) appeal. Accordingly, we do not reach the merits of the Estate's arguments advanced in support of reversal of the original judgment and that judgment stands as final.
[3] We pause at this juncture to make it clear that we are addressing allegations of intrinsic fraud based on perjury raised in a timely filed motion under rule 1.540(b)(3) in the original action and not similar allegations raised in an independent action filed more than one year after a judgment has been entered. See DeClaire v. Yohanan, 453 So.2d 375, 380 (Fla.1984) (perjury is intrinsic fraud and an attack on a final judgment based on such fraud must be made within one year of the entry of the judgment); Wescott v. Wescott, 444 So.2d 495, 497 (Fla. 2d DCA 1984) (allegations that intrinsic fraud, such as perjury, occurred in a lawsuit are insufficient grounds for bringing an independent action to vacate a judgment more than one year after the entry of that judgment).