MORRIS, Judge.
John Casteel appeals an order granting relief from judgment. The underlying negligence action arose out of a car accident involving Casteel and Anna Mad-dalena. A bifurcated trial[1] was held, and the jury determined that Casteel was 55% hable while Maddalena was 45% liable. Maddalena then moved for a new trial based on newly discovered evidence pursuant to Florida Rule of Civil Procedure 1.540(b)(2). The basis for the motion was that testimony provided by one of Casteel’s witnesses had been proven inaccurate. The trial court took the matter under advisement, but subsequently— without notice to the parties and without conducting a further evidentiary hearing — the trial court granted Maddalena’s motion on an entirely different ground: fraud pursuant to rule 1.540(b)(3). We conclude that in doing so, the trial court erred.

Background

The crux of this case centers on the exact location of the accident. Casteel claimed that he was riding his motorcycle and that he had pulled up to a stop sign that abutted a roadway with two lanes of travel in each direction divided by a median. Because Casteel intended to turn left on the roadway, he would have to cross over two lanes of traffic and enter the median and wait there until he could complete his left turn. Casteel testified that traffic was heavy so he waited at the stop sign for approximately two minutes before entering the roadway. Casteel testified that he saw Maddalena’s car approaching and that he estimated she was about six car lengths away. The parties agreed that Maddalena was traveling at about thirty-five miles per hour which meant she would cover those six car lengths within one to two seconds. Casteel contended that when the accident occurred, he had safely crossed the northbound lanes of traffic in *1255 which Maddalena was traveling and had come to a stop in the median. He alleged that his foot was down to steady his motorcycle as he waited to turn left into southbound traffic and that it was at that point that Maddalena hit him.
Maddalena, on the other hand, alleged that Casteel had not completed crossing the northbound lanes and was still in her lane of travel at the time she hit him. She testified that when she saw Casteel attempt to cross in front of her, she hit the brakes and blew the horn. She testified Casteel’s motorcycle was still moving at the time of impact.
Because the question to be resolved was the location of the accident, the issue of whether Maddalena skidded to a stop on impact became the main focus of the trial. Maddalena testified that she did not skid at all and that skid marks reflected in photographs shown to the jury were not caused by her ear. Casteel’s counsel called Melanie Lopez, Casteel’s girlfriend, who testified that she lived nearby. She arrived at the scene of the accident just a few minutes after it happened. Lopez further testified that she saw the skid marks at the scene and returned several hours after the accident to take the photographs which were shown to the jury. However, the testimony which became the basis for Maddalena’s motion for relief from judgment was Lopez’s testimony that because she lived so close to the scene of the accident, she had personal knowledge that the roadway had been freshly paved the day before the accident. Using that testimony, Casteel’s counsel argued to the jury that Maddalena’s car must have caused the skid marks and that Maddalena’s testimony to the contrary was not rehable.
Lopez’s testimony was a surprise to Maddalena because Lopez had not been listed as a witness for the liability portion of the trial. Rather, Lopez had been listed as a witness who would testify about Cas-teel’s general health during the damages phase of the proceedings. Consequently, Maddalena’s counsel conducted a posttrial investigation into Lopez’s claim that the roadway had been paved the day before the accident. Through public records and later verification by a Lane Construction Corporation employee, Maddalena learned that Lopez’s testimony was inaccurate and that the road had, in fact, been paved somewhere between ten days and three weeks before the accident, rather than the day before. Maddalena then filed her motion for relief from judgment based on that new evidence.
The trial court conducted a hearing on the motion and after taking the matter under advisement, the court granted the motion. However, despite Maddalena’s filing of the motion pursuant to rule 1.540(b)(2) on the basis of newly discovered evidence, the trial court, sua sponte, ruled that the motion was considered a motion filed pursuant to rule 1.540(b)(3) which deals with misconduct by an adverse party. Casteel filed a motion for rehearing but that motion was denied. This appeal follows.

Analysis

Ordinarily, we review an order on a motion for relief from judgment for an abuse of discretion. See Carmona v. Wal-Mart Stores, E., LP, 81 So.3d 461, 464 (Fla. 2d DCA 2011); Leach v. Salehpour, 19 So.3d 342, 344 (Fla. 2d DCA 2009). However, because the trial court’s decision to apply rule 1.540(b)(3) was purely a question of law, we apply a de novo review to that decision. See U.S. Bank Nat’l Ass’n v. Paiz, 68 So.3d 940, 943 (Fla. 3d DCA 2011); Mourning v. Ballast Nedam Constr., Inc., 964 So.2d 889, 892 (Fla. 4th DCA 2007).
*1256 I. Rule 1.540(b)(3) is not applicable in this case.
Rule 1.540(b)(3) specifically addresses fraud or misconduct of an adverse party. This includes situations where a party or their counsel participates in misconduct by a witness. Cf. Estate of Willis v. Gaffney, 677 So.2d 949, 950-51 (Fla. 2d DCA 1996) (recognizing that motion for relief from judgment may be properly filed pursuant to rule 1.540(b)(3) where party induced witness to commit perjury). Had Maddalena alleged that Casteel encouraged Lopez to provide false testimony, Maddalena’s motion could have been construed to be one filed under rule 1.540(b)(3). See Estate of Willis, 677 So.2d at 951 (noting that “ ‘the character of a motion will depend upon its grounds or contents, and not on its title.’ ” (quoting Jones v. Denmark, 259 So.2d 198, 200 n. 1 (Fla. 3d DCA 1972))).
But Maddalena never alleged that Cas-teel or his counsel committed any fraud or participated in any misconduct committed by Lopez. In fact, Maddalena alleged the contrary in her motion for relief from judgment. Specifically, Maddalena alleged that
[t]his is not to say that [the] Plaintiff intentionally gave testimony [he] knew to be false, as the Plaintiff may have truly believed this allegation to be factual. It is merely Defendant’s contention that the testimony was intentionally used to bolster the allegations of the Plaintiff, and this information has now been proven to be false, thus allowing a relief from judgment.
We have not found any Florida cases which specifically address a situation where an adverse party’s witness is alleged to have provided false testimony but no connection is made to the adverse party or that party’s counsel. But because rule 1.540 was modeled after Federal Rule of Civil Procedure 60,[2] we may resort to federal case law to aid us in our interpretation of rule 1.540.[3] And federal case law indicates that rule 60 only applies to fraud committed by the adverse party. See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir.2001) (“A fraud committed by a witness ... is not a ‘fraud ..., misrepresentation, or other misconduct of an adverse party.’ ” (quoting Fed.R.Civ.P. 60(b)(3))); see also In re Bolin & Co., No. 3:08cv1793 (SRU), 2012 WL 4370530, at *4 (D.Conn. Sept. 24, 2012); Lee v. Marvel Enters., Inc., 765 F.Supp.2d 440, 450 (S.D.N.Y.2011); Chang v. Roclcridge Manor Condo., 2010 WL 3063185, at *3-4 (N.D.Cal. Aug.3, 2010); Forrest v. Beloit Corp., 2005 WL 1869172, at *3 (E.D.Pa. Aug.2, 2005).
Maddalena’s allegation that Casteel intentionally used Lopez’s testimony to bolster his claims is not the same as an allegation that Casteel knew Lopez’s testimony was false but presented it anyway thereby participating in the fraud. Mad-dalena simply did not allege any fraud on the part of Casteel or his counsel. Additionally, the trial court made it clear that its order should not be misinterpreted to suggest that Casteel’s counsel presented Lopez’s testimony despite knowing it was false. Indeed, the trial court stated “There is absolutely no reason to conclude anything of the sort.”
*1257 However, the trial court did find that Lopez’s testimony “amounted to a fraud” because it “was not merely an ‘arguable miscalculation.’” And despite the fact that Maddalena expressly stated that she was not alleging that Casteel intentionally provided false testimony, the trial court— ■without any evidentiary support — found that Lopez’s testimony was “prepared by the client.” The clear implication then was that Casteel participated in presenting false testimony. This finding was reached without the benefit of having received evidence on that matter and, as a result, is not supported by the record.
Under the facts of this case, where the moving party has expressly refrained from alleging any fraud on the part of the adverse party or that party’s counsel, where the trial court itself has found no basis to conclude that the adverse party’s counsel knowingly presented false testimony, and where there is absolutely no record evidence to support a finding that the adverse party participated in the fraud, we hold that rule 1.540(b)(8) is inapplicable. The fact that an adverse party’s witness may have provided false testimony is not sufficient to entitle a moving party to relief from judgment pursuant to rule 1.540(b)(3) without proof that the adverse party or that party’s counsel participated in the fraud. Therefore the trial court erred by granting the motion based on rule 1.540(b)(3).
Yet even if rule 1.540(b)(3) had been applicable, we would be constrained to reverse.
II. Where a party clearly specifies fraudulent conduct pursuant to rule 1.540(b)(3), an evidentiary hearing is required.
When a party files a motion for relief from judgment pursuant to rule 1.540(b)(3) based upon an adverse party’s fraud or misconduct and the moving party clearly specifies the fraudulent conduct, the trial court must hold an evidentiary hearing before ruling on the motion.[4] Rosenthal v. Ford, 443 So.2d 1077, 1078 (Fla. 2d DCA 1984); Dynasty Express Corp. v. Weiss, 675 So.2d 235, 239 (Fla. 4th DCA 1996); S. Bell Tel. & Tel. Co. v. Welden, 483 So.2d 487, 489 (Fla. 1st DCA 1986). The purpose of such a hearing is to permit the trial court to assess the credibility of the allegations. See Rosenthal, 443 So.2d at 1078. The failure to hold an evidentiary hearing, in the face of specific allegations of fraudulent conduct, constitutes reversible error. See Novastar Mortg., Inc. v. Bucknor, 69 So.3d 959, 960 (Fla. 2d DCA 2011); Rosenthal, 443 So.2d at 1078-79.
Of course, here, Maddalena did not allege any fraud on the part of Casteel or his counsel. But even if Maddalena’s allegations could be construed as facially sufficient allegations pursuant to rule 1.540(b)(3), the trial court would not have been permitted to rule on the motion without conducting an evidentiary hearing.
We acknowledge that the trial court’s order indicates it received evidence at the initial hearing on Maddalena’s mo *1258 tion for relief from judgment. However, because the motion was presented as one based on newly discovered evidence pursuant to rule 1.540(b)(2), rather than one based on fraud pursuant to rule 1.540(b)(3), the parties were not on notice that the trial court intended to consider the issue of whether Casteel participated in the presentation of Lopez’s false testimony. Thus neither party was provided with the opportunity to present evidence on that issue and the initial hearing cannot be considered the equivalent of a rule 1.540(b)(3) evidentiary hearing.
III. Remand is required because the trial court did not conduct a due diligence analysis for purposes of determining whether Maddalena should obtain relief based on newly discovered evidence pursuant to rule 1.540(b)(2).
Maddalena contends that this court could affirm for a different reason: that she met the requirements for relief from judgment based on newly discovered evidence. However, to obtain relief from judgment based on newly discovered evidence, the movant must demonstrate that she could not have discovered the evidence through due diligence within the time to move for rehearing or a new trial. See Belk v. McKaveney, 903 So.2d 337, 338 (Fla. 2d DCA 2005) (citing rule 1.540(b)(2)).
The trial court did not make a finding as to whether Maddalena had proven due diligence. Instead, the trial court found that “[a] party is not required to anticipate false testimony and therefore is not required to discover evidence that would refute it” (citing McDonald v. Pickens, 544 So.2d 261 (Fla. 1st DCA 1989)), and that “[t]here appears to be no case law supporting the proposition [that] a party must demonstrate due diligence before claiming that a case was affected by fraud” (citing Dynasty Express Corp., 675 So.2d 235).
We recognize that case law supports the proposition that there is no due diligence requirement where the adverse party knowingly puts on or uses false testimony. See McDonald, 544 So.2d at 264; Roberto v. Allstate Ins. Co., 457 So.2d 1148, 1150 (Fla. 3d DCA 1984). However, as we have already explained, there was no evidence in the record to support the trial court’s finding that Casteel participated in a fraud and Maddalena conceded as much in her motion. Thus because rule 1.540(b)(3) is inapplicable under the facts of this case, we are not persuaded by the trial court’s citation to cases that dispense with the due diligence requirement where a party claims a judgment has been affected by fraud. Accordingly, on remand, if the trial court considers Maddalena’s motion pursuant to rule 1.540(b)(2), it must conduct a due diligence analysis.
IV. Conclusion
There is simply no record evidence to support the trial court’s implication that Casteel participated in presenting Lopez’s false testimony. The trial court’s actions in taking the motion under advisement and then sua sponte ruling on it as a rule 1.540(b)(3) motion not only deprived the parties of notice that the court was considering the motion as one based on fraud or misconduct, but it also deprived the parties of their right to participate in a required evidentiary hearing. The hearing would have allowed the trial court to receive evidence to assist in determining whether, in fact, Casteel participated in presenting Lopez’s false testimony. But in the absence of such a hearing and in the absence of any express allegations of fraud on the part of Casteel or his counsel, the trial court had no evidentiary basis on which to grant the motion pursuant to rule 1.540(b)(3). Ac- *1259 eordingly, we reverse and remand for proceedings in conformance with this opinion.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.

. The trial was bifurcated for separate determinations on liability and damages.

. DeClaire v. Yohanan, 453 So.2d 375, 377 (Fla.1984), superseded by rule on different grounds as stated in Parker v. Parker, 950 So.2d 388, 393 n. 2 (Fla.2007).

. See Molinos Del S.A. v. E.I. Dupont de Nemours & Co., 947 So.2d 521, 524-25 (Fla. 4th DCA 2006) (noting that rule 1.540 is substantially similar to federal rule 60 and therefore relying on federal case law where no Florida case was factually on point).

. We recognize that an evidentiary hearing is only required where a party specifies the fraudulent conduct rather than just mere legal conclusions. See Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994); see also S. Bell Tel. & Tel. Co. v. Welden, 483 So.2d 487, 489 (Fla. 1st DCA 1986) (holding that where party's allegations raise a "colorable entitlement” to relief pursuant to rule 1.540(b)(3), a formal evidentiary hearing is required). And as we have already noted, Maddalena did not specify any fraudulent conduct on the part of Casteel or Cas-teel’s counsel. However, because the trial court treated Maddalena’s allegations as involving fraud, we write to explain why eviden-tiary hearings are required where clear allegations of fraud exist.