# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-236
_____

WELLS FARGO BANK, N.A.,

Appellant,

V.

ROY F. SMITH, JR., As Trustee Under
The Provisions Of A Trust Agreement
Dated October 25, 2005, Known As
The Roy F. Smith, Jr. Trust, et al.,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

November 20, 2018

FORST, ALAN O., Associate Judge.

Appellant Wells Fargo Bank, N.A. ("the Bank") appeals a successor judge's order awarding attorney's fees and costs to appellee Roy F. Smith, Jr., as trustee of the Roy F. Smith, Jr. Trust ("the Trust"). The original judge had summarily denied the Trust's motion for fees and motion for rehearing of the order denying fees. A successor judge later awarded fees to the Trust following the Trust's successful motion to disqualify the original judge and subsequent motion seeking to vacate the original judge's orders on the motion for fees. Because the trial court lost jurisdiction after the denial of rehearing, and should have conducted an evidentiary hearing on reinstating its jurisdiction, we reverse the order on

appeal and remand for further proceedings. Accordingly, it is unnecessary to address the remaining issue on appeal.

## Background

After the original trial judge dismissed the Bank's underlying foreclosure case against the Trust, the Trust moved for its attorney's fees and costs. Without explanation, the original judge denied the Trust's motion. The Trust then moved for rehearing, arguing it had no notice or opportunity to be heard on the fees issue. The original judge denied this motion, again without conducting a hearing.

The following day, the Trust filed a motion for recusal and disqualification of the original judge. The Trust asserted that it had just discovered an improper ex parte communication between the Bank's counsel and the original judge, and that this communication resulted in the order denying its motion for fees. The Trust argued that the orders denying its fees motion and a rehearing should be vacated and the motion for fees should be set for a proper hearing before a different judge. One week later, the original judge granted the request for disqualification and recused himself from the case.

Citing Florida Rule of Judicial Administration 2.330(h),[*] the Trust next filed a Motion to Find Void and/or Vacate, Rescind, Set Aside, Reconsider and/or Rehear the original judge's order denying its motion for fees and subsequent order denying rehearing. In that motion, the Trust asserted that both of the prior judge's orders were void because both were entered without notice or a hearing. A successor judge granted the Trust's motion and vacated both orders. After a hearing on the request for fees before another successor judge, an order was entered awarding fees and costs to the Trust.

---

[*] Rule 2.330(h), "Prior Rulings," states that "[p]rior factual or legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge based upon a motion for reconsideration, which must be filed within 20 days of the order of disqualification, unless good cause is shown for a delay in moving for reconsideration or other grounds for reconsideration exist."

## Analysis

"Generally, a trial court's determination on jurisdiction is reviewed de novo." *Giuffre v. Edwards*, 226 So. 3d 1034, 1037 (Fla. 4th DCA 2017).

The Bank argues the successor trial judge lacked jurisdiction to vacate the original judge's orders denying fees, because the case was already final at that time, and the Trust did not file a proper motion pursuant to Florida Rule of Civil Procedure 1.540. The Bank also argues the trial court lacked jurisdiction to rule on the motion for disqualification once it had denied rehearing.

We agree with the Bank that the trial court lost jurisdiction after its denial of rehearing. *See Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson*, 236 So. 2d 1, 3 (Fla. 1970) ("Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment."); *Kippy Corp. v. Colburn*, 177 So. 2d 193, 199 (Fla. 1965) ("[A] trial court has no authority to modify, amend or vacate a final order, except in the manner and within the time provided by rule or statute . . . ."); *Arleo v. Garcia*, 695 So. 2d 862, 862 (Fla. 4th DCA 1997) ("Upon entering the order on respondent's first motion for rehearing, the trial court lost jurisdiction to rule on the second motion for rehearing and to consider the merits of the case.").

However, we conclude that the Trust's subsequent Motion to Find Void and/or Vacate, Rescind, Set Aside, Reconsider and/or Rehear the original judge's orders on fees contained sufficient allegations to be considered a rule 1.540 motion, which could reinstate the court's jurisdiction. *See* Fla. R. Civ. P. 1.540(b) (providing a mechanism to "relieve a party or a party's legal representative from a final judgment" based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; [or] (4) that the judgment or decree is void . . . .").

It is well-settled Florida law that a pleading will be construed according to its substance rather than its form. *See Estate of Willis v. Gaffney*, 677 So. 2d 949, 951 (Fla. 2d DCA 1996). "Thus, the character of a motion will depend upon its grounds or contents, and not on its title." *Id.* (citation and internal quotation marks omitted).

Here, although the Trust mistitled its motion and did not mention the proper rule, we conclude that it was in fact seeking relief under rule 1.540(b), by alleging that the original judge's orders were void. Accordingly, the motion was properly before the court and should have prompted an evidentiary hearing. *See, e.g.*, *Cottrell v. Taylor, Bean & Whitaker Mortg. Corp.*, 198 So. 3d 688, 691 (Fla. 2d DCA 2016) ("Where a motion under rule 1.540(b) sets forth 'a colorable entitlement to relief,' the trial court should conduct an evidentiary hearing to determine whether such relief should be granted." (citation omitted)).

As noted above, the Trust's motion to disqualify the original judge was filed *before* its Motion to Find Void and/or Vacate, Rescind, Set Aside, Reconsider and/or Rehear. The Bank is correct that the original judge lacked jurisdiction to hear this motion, and we thereby vacate the original judge's recusal order. *See Nilio v. State*, 143 So. 3d 424, 426 (Fla. 1st DCA 2014) (holding that the petitioner's motion for disqualification "having been filed at a time when the trial court's jurisdiction had not been invoked for any other purpose, was void *ab initio*."); *cf. Kozell v. Kozell*, 142 So. 3d 891, 894 (Fla. 4th DCA 2014) (declining to exercise jurisdiction to review the order denying the husband's motion to disqualify the trial judge, "which he filed a week and a half after the court denied his motion for rehearing," but noting that the husband's motion was untimely "because the husband did not file the motion to disqualify until after the proceedings had already ended").

## Conclusion

Based on the foregoing discussion, we reverse and remand with directions to conduct an evidentiary hearing on the merits of the Trust's Motion to Find Void and/or Vacate, Rescind, Set Aside, Reconsider and/or Rehear the court's orders denying the Trust's motion for attorney's fees.

ROWE and RAY, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for Appellant.

R. Kyle Gavin of Liles Gavin, P.A., Jacksonville; and William R. Blackard, Jr., Jacksonville, for Appellee.