DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAKELIN EDMONDSON,**
Appellant,

v.

**TRI-COUNTY ELECTRICAL SERVICES, INC.,**
Appellee.

No. 4D23-231

[April 19, 2023]

Appeal from the County Court of the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO20-002337.

Michael Garcia of Michael Garcia, P.A., Fort Lauderdale, for appellant.

Patrick Giunta of Patrick Giunta, P.A., Pompano Beach, for appellee.

PER CURIAM.

Appellant Jakelin Edmondson ("Homeowner") seeks review of a trial court order that granted Appellee Tri-County Electrical Services, Inc.'s ("Contractor") motion to increase a cash security bond pursuant to section 713.24(3), Florida Statutes (2020). Homeowner contends that the trial court lacked jurisdiction to increase a cash security bond after the entry of final judgment. We agree with Homeowner and thus reverse and remand the order at issue.[1]

## Background

In the underlying suit, Contractor filed a lien enforcement proceeding against Homeowner alleging that Contractor had been underpaid for electrical work which it performed on Homeowner's property. Contractor was seeking to foreclose on a claim of lien for $6,780.00 against Homeowner's property.

---

[1] Because no judicial labor remains pending in the trial court, we treat Homeowner's "petition for writ of certiorari" as an appeal of a final order. *See* Fla. R. App. P. 9.030(b)(1)(A).

After Contractor filed suit, Homeowner transferred the claim of lien to a cash security bond for $9,339.45, pursuant to section 713.24(1), Florida Statutes (2022).  A month later, Contractor moved to increase the cash security under section 713.24(3), Florida Statutes (2022).  The trial court deferred ruling on that motion.

Thereafter, the case proceeded to a bench trial on the merits, and the trial court entered a final judgment, finding in Contractor's favor on all issues.  In its final judgment, the trial court reserved jurisdiction over attorneys' fees, costs, and interest.  Homeowner did not seek appellate review of the final judgment.

Subsequently, Contractor moved for attorney's fees and, within the motion's "wherefore" clause, requested an increased cash bond.  Contractor also filed a renewed motion to increase the cash security, noting that the trial court had deferred ruling on its earlier pre-trial motion.

The trial court entered an "Agreed Final Judgment" awarding Contractor pre-judgment interest, attorney's and expert fees, and costs, and directing the clerk of the court to close the case.  That final judgment did not address Contractor's motion to increase the bond.  Nor did the final judgment reserve jurisdiction over any matters.  No appeal or collateral motion followed.

More than a month later, after the time for filing a motion for rehearing had passed, the trial court held a hearing and granted Contractor's motion to increase the cash bond.  This timely appeal followed.

**Analysis**

Homeowner argued that the trial court lacked jurisdiction to grant Contractor's motion to increase the cash bond, because final judgment had been entered prior to granting the motion.

It is well settled that after the time for a motion for rehearing has passed, the trial court no longer has jurisdiction over a final judgment. *See Wells Fargo Bank, N.A. v. Smith,* 263 So. 3d 134, 136 (Fla. 1st DCA 2018); *see also Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson,* 236 So. 2d 1, 3 (Fla. 1970) ("Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment.").  Here, while the trial court reserved jurisdiction in its initial final judgment to award fees and costs, the subsequent "Agreed Amended Final Judgment" resolved those issues and

failed to reserve jurisdiction for any purpose. Contractor did not file a timely motion for rehearing, which would have been the time to raise the bond increase issue.

Nonetheless, where a rule of civil procedure or statute allows for post-judgment relief, the trial court's jurisdiction will be reinstated. *See Kippy Corp. v. Colburn*, 177 So. 2d 193, 199 (Fla. 1965) ("[A] trial court has no authority to modify, amend or vacate a final order, except in the manner and within the time provided by rule or statute . . . .").

Florida Rule of Civil Procedure 1.540 allows a party to seek relief from a final judgment based on mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. Contractor did not file a rule 1.540 motion here. Additionally, while this Court looks at the substance of filings over form, the motion to increase the bond did not challenge the final order on one of the accepted bases in the rule. *See Concept, L.C. v. Gesten*, 662 So. 2d 970, 973 n.3 (Fla. 4th DCA 1995).

The trial court here relied on section 713.24 as the basis for its jurisdiction to increase the security bond. Section 713.24(3) permits a motion to increase a bond in a "pending" action to enforce a lien:

> Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited, *or file a motion in a pending action to enforce a lien, for an order to require additional security*, reduction of security, change or substitution of sureties, payment of discharge thereof, or any other matter affecting said security.

§ 713.24(3), Fla. Stat. (2022) (emphasis added).

The action here was not "pending" under section 713.24(3). "The general rule is that an action remains pending in the trial court until after a final judgment and such time as an appeal is taken or time for an appeal expires." *Wilson v. Clark*, 414 So. 2d 526, 530 (Fla. 1st DCA 1982). By the time the trial court had ruled on the motion to increase the bond, the time for an appeal had passed. Therefore, because the matter was no longer pending, the trial court lacked authority to consider the motion.

**Conclusion**

The trial court was without jurisdiction to grant Contractor's motion to increase the bond. We accordingly reverse and remand this matter to the trial court for the purpose of vacating its order granting Contractor's motion to increase the bond.

*Reversed and remanded with instructions.*

GROSS, CIKLIN and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**