DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

MELISSA HIGHSMITH,

Appellant,

v.

PAUL BRITTEN and GARRETT HIGHSMITH,

Appellees.

No. 2D2025-0679

_____

December 17, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; Melissa M. Polo, Judge.

Jeremy Roth of Roth Legal Counsel, Tampa (withdrew after briefing);
Ciera C. Gainey of Matthew Law Group, Jacksonville (substituted as
counsel of record), for Appellant.

Robert E. Biasotti and Brandon S. Vesely of The Florida Appellate Firm,
P.A., St. Petersburg, for Appellee Paul Britten.

No appearance for remaining Appellee.


LABRIT, Judge.

In the proceedings below, Melissa Highsmith timely filed a motion
to set aside a default judgment under Florida Rule of Civil Procedure
1.540(b)(3). The trial court denied her motion without a hearing. Ms.
Highsmith argues that she was entitled to an evidentiary hearing
because her motion sufficiently alleged a claim for relief based on fraud.
We agree.

Generally, if a rule 1.540(b) motion "sets forth 'a colorable entitlement to relief,' the trial court should conduct an evidentiary hearing to determine whether such relief should be granted." *See Cottrell v. Taylor, Bean & Whitaker Mortg. Corp.*, 198 So. 3d 688, 691 (Fla. 2d DCA 2016) (quoting *Chancey v. Chancey*, 880 So. 2d 1281, 1282 (Fla. 2d DCA 2004)). Where such a motion is based on fraud, misrepresentation, or misconduct of an adverse party under rule 1.540(b)(3)—as Ms. Highsmith's was—the movant must specify the alleged fraud with particularity, setting forth essential facts that would entitle the movant to relief and not mere legal conclusions. *See U.S. Bank Nat'l Ass'n v. Paiz*, 68 So. 3d 940, 944 (Fla. 3d DCA 2011); *Freemon v. Deutsche Bank Tr. Co. Ams.*, 46 So. 3d 1202, 1205 (Fla. 4th DCA 2010).

Here, Ms. Highsmith's motion alleged that an individual with power of attorney over the plaintiff[1] told her that the complaint was "just a legal formality" and that she didn't need to file a response, so she didn't file one. The plaintiff then obtained a default judgment that adjudged him to be the fee simple owner of real property that Ms. Highsmith's mother owned at the time of her death. Ms. Highsmith alleged that this was part of an "orchestrated . . . plot and scheme to defraud" her of her intestate interest in her mother's property, and the motion explained this alleged scheme in detail. While the motion does not mention what occurred in the proceedings after Ms. Highsmith was told not to file a response or

---

[1] According to the appellee, Ms. Highsmith failed to allege misconduct of "an adverse party" sufficient to entitle her to relief under rule 1.540(b)(3), *see Casteel v. Maddalena*, 109 So. 3d 1252, 1256 (Fla. 2d DCA 2013), because this individual was acting on his own behalf and not on behalf of the plaintiff, *see Power of Attorney*, *Black's Law Dictionary* (12th ed 2024). But Ms. Highsmith's motion is unclear on this point, and it presents a factual issue that this court cannot resolve on appeal.

indicate whether she had notice of the default judgment the plaintiff sought, we conclude that Ms. Highsmith's motion alleged just enough to warrant an evidentiary hearing. *See Gulf Stream Boat Builders, Inc. v. S. Dade Boat, Inc.*, 583 So. 2d 807, 808 (Fla. 3d DCA 1991); *Am. Republic Ins. v. Westchester Gen. Hosp.*, 414 So. 2d 1163, 1163–64 (Fla. 3d DCA 1982).

We therefore reverse the order denying Ms. Highsmith's rule 1.540(b)(3) motion and remand for proceedings consistent with this opinion.

Reversed and remanded.

SILBERMAN and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.