PER CURIAM.
The appellant seeks review of a favorable summary final judgment granting him a new trial in a criminal action, which arose out of a petition for writ of error coram nobis.
By the petition, .the appellant sought a new trial. By the judgment here under review, he was granted a new trial. The appellant contends he was entitled to findings of fact to be set forth in the summary final judgment, and that the findings of fact which were set forth in the judgment were erroneous. The issues presented on a writ of error coram nobis are tried as any other civil action, notwithstanding the fact that they might be filed in .a criminal proceeding. See: Chambers v. State, 117 Fla. 642, 158 So. 153; 7 Fla.Jur., Coram Nobis, § 16. On the issues as made by the petition and the answer, the matters in conflict are to be resolved by a jury. See: Chambers v. State, supra; Hysler v. State, 315 U.S. 411, 316 U.S. 642, 62 S.Ct. 688, 86 L.Ed. 932; 146 Fla. 593, 1 So.2d 628; 7 Fla. Jur., Coram Nobis, § 20. If the appellant had prevailed at a jury trial, the verdict would have to grant him a new trial. By the summary final judgment here under review, he secured the identical relief he would have secured if his petition and evidence had been favorably approved by a jury. Therefore, no error has been made to appear.
It is not incumbent upon a trial judge to make findings of fact in a ruling on a summary judgment. See: Sawyer Industries v. Advertects, Inc., Fla.1951, 54 So.2d 692; Rawls v. Ziegler, Fla.1958, 107 So.2d 601; Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A. The very nature of the rule which permits summary judgments, which recites that they may be entered when “there is no genuine issue as to any material fact” indicates that it is not the function of a trial judge to make findings of fact and any made are purely surplusage. Therefore, so much of the summary final judgment which granted the petitioner the relief he sought is hereby affirmed.
Affirmed.