THREADGILL, Judge.
The appellants, plaintiffs below, challenge the trial court’s order granting a motion to vacate the final judgment entered in their favor in a boundary dispute. The appellants also contend the trial court erred in allowing a third party to intervene after entry of the final judgment. We agree and reverse.
Appellants are the fee simple owners of property in DeSoto County, Florida adjacent to appellees, defendants’ property. County records indicated that the western boundary of the defendants’ property was approximately 600 feet west of the appellants’ eastern boundary, creating substantial legal encroachment and a record cloud on appellants’ title. The appellants filed a complaint for declaratory judgment seeking to establish the boundary and quiet title. After a bench trial, the court on April 15, 1986, entered judgment for the appellants finding the true boundary to be the line established by the appellants’ survey. The judgment was not appealed.
On April 2, 1987, almost a full year after the entry of the final judgment, the defendants filed a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b). The motion asserted: (1) excusable neglect on the ground that their attorney was incompetent; (2) that the judgment was void because the court lacked subject matter jurisdiction; and (3) that the judgment was void for failure to join DeSoto County as a indispensable party. DeSoto County filed a motion to intervene and a motion to vacate the final judgment.
Attached to the defendants’ motion to vacate were two affidavits. One contained the statement of a witness who was a surveyor and chairman of the DeSoto County Commission, stating that he had been given the wrong trial date by trial counsel, and that the attorney had been drinking when he interviewed him the week before trial. The other affidavit contained the statement of a corporate officer of Golden Crown, one of the defendants below, indicating that during the pendency of the cause she believed the attorney had rehabilitated himself and was diligently preparing the case for trial.
The judge who presided over the trial also heard the motion to vacate. No witnesses were called nor were the affidavits offered into evidence. The court, nevertheless, granted the motion to vacate and the *353 motion to intervene. The appellants filed this notice of appeal.
A trial judge may in equity vacate a judgment in order to achieve fairness, but the court’s discretion is not unlimited. The moving party must produce sufficient evidence of mistake, accident, excusable neglect or surprise as contemplated by rule 1.540(b), before the court’s equity jurisdiction may be invoked. Absent such evidence, a court’s vacation of final judgment constitutes an abuse of discretion. John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980); Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976). We find the affidavits attached to the motion to vacate and the arguments of appellees to be insufficient grounds for vacating the judgment.
We first address the defendants’ contention that the order should be vacated because their attorney was incompetent. We find that they must have been aware of the attorney’s condition prior to trial as the appellants had filed a motion requesting that they obtain new counsel and as a trial date had been cancelled as a result of this attorney’s hospitalization for a drinking problem. After his release from the hospital, the defendants wrote to the judge requesting that he be allowed to continue as attorney of record. Therefore, the record reflects that the defendants were aware of the problems but affirmatively chose to retain this attorney.
The defendants argued at the hearing that they believed at the time that the attorney had been rehabilitated. However, the only evidence that the attorney was incompetent in preparation or representation is the affidavit attached to the motion (though not entered into evidence), stating that a witness had been given the wrong trial date by the attorney and had seen him drinking the week before trial.
The fact that this witness was given the wrong trial date cannot conclusively be said to have prejudiced the defendants. Two other expert surveyors did testify on their behalf at trial and there was no proffer at the hearing on the motion to vacate concerning the testimony of this witness. We do not find that the final judgment had to be vacated merely because a listed witness was given the wrong trial date. “The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties.” John Crescent, Inc. v. Schwartz, 382 So.2d at 385. Here, despite notice of counsel’s serious problems, the defendants made no effort to protect their interests. We note no indication in the record that the trial judge observed any impropriety on the part of the attorney during the proceedings.
Moreover, we find the appellants will undoubtedly suffer prejudice if the order vacating the final judgment in their favor is upheld. Prior to the trial, the appellants filed a motion requesting that the defendants retain new counsel. The appellants then proceeded to trial in good faith. The granting of the motion to vacate, filed nearly a year after entry of final judgment, now requires them to begin the entire proceeding again. Under these circumstances and on the very limited evidence supporting the motion to vacate, it seems unfair that the appellants should again be required to bear this expense and aggravation.
We have considered appellees’ argument that the judgment must be vacated because the appellants failed to join DeSoto County as an indispensable party. Generally, intervention is permitted only when litigation is pending. Dickinson v. Segal, 219 So.2d 435 (Fla.1969).
In this case, DeSoto County was not a necessary and indispensable party. The dispute here was between the parties before the court. Any interest of the county is peripheral at best and does not justify vacating the final judgment.
Accordingly, we reverse and remand for reinstatement of the final judgment.
Reversed and remanded.
SCHEB, A.C.J., and FRANK, J., concur.