889 So.2d 167 (2004)
PS MARINAS 3, etc., et al., Appellants,
v.
MARINA FUNDING GROUP, INC., Appellee.
Nos. 3D02-846, 3D01-3458.
District Court of Appeal of Florida, Third District.
December 8, 2004.
*168 William A. Friedlander; Billbrough & Marks, Miami, for appellant/appellee.
Kluger, Peretz, Kaplan & Berlin, and Steve I. Silverman; Podhurst, Orseck, Josefsberg, Eaton, et al., Miami, and Joel S. Perwin, for appellees/appellants.
Before FLETCHER, GREEN[*], and RAMIREZ, JJ.

ON MOTION FOR REHEARING AND MOTIONS FOR CLARIFICATION
RAMIREZ, J.
We deny appellant PS Marinas 3 ("PS3") motion for rehearing, grant the motions for clarification, withdraw our prior opinion rendered November 13, 2002, and substitute the following in its place.
In this consolidated appeal, PS3 appeals from two trial court orders at the heart of which is a Settlement Agreement entered into between PS3 and appellee Marina Funding Group, Inc. ("MFG") that involved a number of properties in foreclosure. MFG cross-appeals from an order enjoining it from the sale of two properties. We affirm the trial court's finding that the parties' Settlement Agreement encompassed a hotel property known as Marathon Court, and also affirm the cross-appeal.
MFG is the current lienholder of various properties, including two marinas located in Florida known as the Faro Blanco property and the Boot Key property, as well as two other properties located in Georgia known as the Allatoona Landing and Sunrise Cove marinas. All of the properties are the subject of a foreclosure action filed against mortgagor PS3, in addition to other defendants.
On November 3, 1998, MFG moved to foreclose upon the Faro Blanco and Boot Key properties. MFG, however, was enjoined on February 20, 2002 from selling the Georgia properties until the conclusion of the proceedings below that involve the Florida properties. That order, which granted PS3's "Emergency Motion for Injunctive Relief and/or Contempt," forms the basis of MFG's appeal.
On November 17, 1998, the parties entered into an agreement in open court for a deed in lieu of foreclosure ("Settlement Agreement"), later embodied in the Agreement for Deed in Lieu of Foreclosure, which subjected the parties to a number of terms and conditions. PS3 was required, among other things, to "deed the Faro Blanco, Boot Key, and Allatoona Landing *169 marina properties, which [were] the subject of [the] action, to [MFG] in lieu of foreclosure, in satisfaction of all obligations under the loan documents which [were] the subject of the various suits."
PS3 moved to enforce the Settlement Agreement and for an order to show cause why MFG should not be held in contempt. On February 25, 1999, the trial court granted PS3's motion to enforce the Settlement Agreement and for contempt. MFG appealed the enforcement order to this Court which per curiam affirmed the order on December 22, 1999.[1]
On May 22, 2000, the trial court ordered enforcement of the Settlement Agreement and found MFG in contempt of the enforcement order for failure to provide PS3 with settlement documentation. MFG appealed the contempt order to this Court which affirmed the order without a written opinion on February 7, 2001.[2]
On November 29, 2000, MFG filed its Motion To Be Relieved From [the] Court's Order Dated May 22, 2000 pursuant to Florida Rule of Civil Procedure 1.540. PS3 responded to the rule 1.540 motion and moved to strike the motion. The trial court denied PS3's motion to strike and conducted an evidentiary hearing after which the court granted MFG's rule 1.540 motion on November 27, 2001. PS3 now appeals the denial of its motion to strike and the November 27, 2001 order on MFG's rule 1.540 motion.
MFG alleges that the Settlement Agreement entitled them to retain control of a hotel property known as the Marathon Court property. We agree with the trial court that the Marathon Court property constituted part of the Settlement Agreement. There is evidence supporting the trial court's finding that the parties intended the Marathon Court property to be part of the Settlement Agreement. Because the law of contracts governs settlement agreements, see Tullis v. Benge, 473 So.2d 1384, 1386 (Fla. 1st DCA 1985), the intention of the parties governs their interpretation. See Mayflower Corp. v. Davis, 655 So.2d 1134, 1137 (Fla. 1st DCA 1994)(intention of the parties governs the construction of contracts). See also Gerrits v. Astor Electric Service, Inc., 328 So.2d 522, 524 (Fla. 3d DCA 1976), rev'd on other grounds (every contract is to be construed in accordance with the intention of the parties). A determination of the intention of the parties includes a consideration of the surrounding circumstances when the agreement was entered into. See Terex Trailer Corp. v. McIlwain, 579 So.2d 237, 242 (Fla. 1st DCA 1991). At the settlement hearing on November 17, 1998, counsel for PS3 stipulated that the agreement for deed in lieu of foreclosure required PS3 to deed MFG, in lieu of foreclosure, the properties "which [were] the subject of the loan documents... in satisfaction of all obligations under the loan documents... [t]hat includes all physical aspects of it." Counsel further stated that the parties agreed that "they will deal with each other fairly and in good faith and reasonably with respect to carrying out the intent of the parties on the agreement and operating the [subject] properties ... [that PS3 was] going to turn over, as part of the deed ... our licenses, all of the rights and obligations, and things that [they] need to run these marinas." This also included "turning over and assigning hotel licenses, liquor licenses, whatever it takes that [PS3] has that it utilizes to operate [the] properties." The Marathon Court property provided low-cost housing for the employees *170 of the other two properties and thus was necessary to the operation of those properties. PS3's counsel's statements, which were placed on the record, were sufficient to establish that the Marathon Court property was to be included in the parties' settlement agreement.
Furthermore, the record reflects that PS3 forwarded to MFG the tax assessments due on the Marathon Court property and MFG paid these taxes subsequent to the settlement hearing. MFG also collected rental payments for the property, continued to manage the property, and subsequently transferred the property to a third party, all without objection by PS3. Under these circumstances, it cannot be said that MFG's actions were inconsistent with property ownership.
We therefore affirm the trial court's finding contained in its rule 1.540 order that the Marathon Court property indeed constituted part of the parties' Settlement Agreement, and also affirm MFG's cross-appeal.
Affirmed.
NOTES
[*] Judge Green did not participate in oral argument.
[1] See Marina Funding Group, Inc. v. PS Marinas 3, 747 So.2d 1032 (Fla. 3d DCA 1999).
[2] See Marina Funding Group, Inc. v. PS Marina 3, 783 So.2d 1071 (Fla. 3d DCA 2001).