STRINGER, Judge.
Deborah Belk, the Mother, seeks review of the trial court’s “Order on Guardian Ad Litem’s Motion for Reconsideration; .Order on Respondent’s Motion for Reconsideration, and Order on Respondent’s Motion to Set Aside Final Judgment” in this paternity action with the Father, James McKaveney. The Mother challenges that portion, of the order that sets aside the August 9, 2004, supplemental final judgment. Because the trial court erred in granting the Father’s “Motion to Set Aside Final Judgment” based on newly discovered evidence, we reverse as to that portion of the order and remand for the trial court to reinstate the supplemental final judgment. We affirm as to the remainder of the order.
The challenged order of the trial court set aside the supplemental final judgment that incorporated the terms of a settlement agreement entered into by the Mother and the Father, giving the Mother sole parental responsibility of the minor child and denying the Father visitation until recommended and agreed to by the child’s therapist and the Mother. The supplemental final judgment was set aside, pursuant to Florida Rule of Civil Procedure 1.540(b)(2), based on a finding that a report from the child’s psychologist and a report from the child’s guardian ad litem, appointed in a related case, were newly discovered evidence because they were not known at the time the parties entered into the settlement agreement.
We review for an abuse of discretion the trial court’s ruling on a rule 1.540 motion to set aside judgment. See Allstate *338 Ins. Co. v. Gulisano, 722 So.2d 216, 218 (Fla. 2d DCA 1998). Rule 1.540(b)(2) provides in part that the court may relieve a party from a final judgment based on “newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing.” Thus, by its express terms, rule 1.540(b)(2) does not offer relief to parties who could have discovered the evidence in time to file a motion for rehearing. See also Bellino v.W & W Lumber & Bldg. Supplies, Inc., 902 So.2d 829 (Fla. 4th DCA 2005). Pursuant to Florida Rule of Civil Procedure 1.530, a motion for rehearing is timely if filed no later than ten days after the date of filing of the judgment in a nonjury trial.
In this case, the trial court found the psychologist’s and guardian’s reports were newly discovered evidence because they were not known at the time the parties entered into the settlement agreement on July 19, 2004. However, the psychologist faxed her report to counsel for both parties on August 6, 2004, and the guardian served his report on August 16, 2004. Thus, both reports were available to be discovered in time for the Father to move for a rehearing on the supplemental final judgment rendered on August 9, 2004. The Father, however, failed to file a timely motion for rehearing, and the trial court abused its discretion by granting the Father’s motion to set aside the supplemental final judgment based on the grounds of newly discovered evidence. Accordingly, we reverse as to that portion of the order and remand for the trial court to reinstate the supplemental final judgment.
Affirmed in part, reversed in part, and remanded with instructions.
DAVIS and CANADY, JJ., Concur.