NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE BANK OF NEW YORK MELLON )
f/k/a THE BANK OF NEW YORK, as )
Trustee for the Certificate Holders )
CWalt, Inc., Alternative Loan Trust )
2006-19CB, Mortgage Pass-Through )
Certificates Series 2006-19CB, )
)
        Appellant, )
)
v. )    Case No. 2D16-2405
)
ESTATE OF JAMES D. PETERSON )
a/k/a JAMES DANIEL PETERSON, and )
BANK OF AMERICA, N.A., )
)
        Appellees. )
_____ )

Opinion filed January 18, 2017.

Appeal from the Circuit Court for Pinellas
County; Bruce Boyer, Judge.

K. Denise Haire of Pearson Bitman, LLP,
Maitland, for Appellant.

Michael P. Fuino of Weidner Law, P.A., St.
Petersburg, for Appellee Estate of James D.
Peterson.

No appearance for Appellee Bank of
America, N.A.

VILLANTI, Chief Judge.

The Bank of New York Mellon ("the Bank") appeals the trial court's postjudgment order that vacated a final judgment entered in foreclosure proceedings against the Estate of James D. Peterson. Because the Estate neither alleged nor proved a basis for vacating the final judgment, we reverse and remand for reinstatement of the final judgment.

The Bank originally filed its foreclosure action against James Daniel Peterson as mortgagor and Bank of America as a junior lienholder on June 10, 2009. Bank of America failed to appear or respond to the complaint, and a clerk's default was entered against it on April 9, 2010. After Peterson died, his Estate was substituted as a defendant, and on June 23, 2015, the Estate and the Bank filed a joint stipulation for entry of a consent final judgment. Based on this stipulation by the Estate and on Bank of America's earlier default, a final judgment of foreclosure was entered against both the Estate and Bank of America on June 26, 2015.

Three months later, Bank of America filed an "unopposed" motion to set aside the clerk's default against it while leaving the ensuing final judgment of foreclosure intact. Counsel for the Estate was apparently not <u>consulted</u> before this "unopposed" motion was filed; however, the certificate of service shows that the motion was in fact <u>served</u> on counsel for the Estate. The trial court subsequently granted the "unopposed" motion and set aside the clerk's default against Bank of America, but the order doing so specifically provided that the final judgment of foreclosure was unaffected by the ruling and remained in force. This order, which had the effect of changing the final judgment against Bank of America from one based on its default to one based on its consent, was timely served on counsel for the Estate.

Despite being served with both the "unopposed" motion to set aside the default and the trial court's order granting it, the Estate did not object or act immediately to address the ensuing order. Instead, on January 14, 2016, the Estate filed a motion to vacate the final judgment against it and cancel the impending foreclosure sale. The Estate's unsworn motion did not identify any statute or rule as a basis for vacating the final judgment, alleging only that the Estate believed that it was legally impermissible for the trial court to vacate the clerk's default against Bank of America unless the final judgment was first vacated. Additionally, the Estate cited no authority for this proposition, and it did not attach either affidavits or any other evidence to the motion.

At the subsequent hearing on the Estate's motion, the Estate's counsel argued:

> But what we are here for and the reason why I'm attacking the final judgment is the nature of these ex parte proceedings. And, again, the docket reflects this document being filed three times as an ex parte motion.

The document to which the Estate referred as having been "filed three times as an ex parte motion" was the Bank's motion to reschedule the foreclosure sale after the clerk's default against Bank of America was set aside. But contrary to the Estate's assertions, the record reflects that the motion to reschedule the sale, while captioned as an "ex parte" motion, was actually served on counsel for the Estate each time it was filed. The Estate cited to no case law, statute, or rule in support of its position that the original consent final judgment against it should be vacated because a subsequent motion to reschedule a foreclosure sale was labelled "ex parte" when it was actually served on its counsel.

Also at the same hearing, the Estate produced a document that purported to be a 2012 recorded satisfaction of the Bank of America junior mortgage, and the Estate argued that the trial court should vacate the consent final judgment so that the import of this document could be investigated. However, the Estate did not explain why it had not addressed this satisfaction of the junior mortgage before it agreed to the consent final judgment in 2015.

In response to these arguments, the Bank pointed out that the final judgment against the Estate was based on its consent agreement and that the Estate had not argued any matter relating to its consent. The Bank argued that the motions attempting to reset the foreclosure sale months after the final judgment was entered— whether ex parte or not—had no bearing on the validity of the final judgment. The Bank also argued that the Estate had failed to identify in its motion any statute or rule under which it was entitled to have the final judgment vacated. Finally, the Bank argued that the Estate had not established that the act of setting aside the default against Bank of America was prejudicial to the Estate or any of its rights. In sum, the Bank argued that the Estate had not proved that it was legally entitled to the relief it sought. Without addressing the substance of these arguments, the trial court granted the Estate's motion to vacate the consent final judgment. This appeal ensued.

We begin our analysis by noting that once a trial court has entered a final judgment, its jurisdiction to revisit that final judgment is limited.

> "Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment." Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson, 236 So. 2d 1, 3 (Fla. 1970); Bank One, N.A. v. Batronie, 884 So. 2d 346, 348 (Fla. 2d DCA 2004) ("After rendition of a final judgment, the trial

- 4 -

court loses jurisdiction over the case except to enforce the judgment and except as provided by rule 1.540."); see also Bane v. Bane, 775 So. 2d 938, 941 (Fla. 2000) ("[T]he one exception to the rule of absolute finality is rule 1.540, 'which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.' ") (quoting Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1223 (Fla. 1986)).

Miami-Dade Cty. v. Second Sunrise Inv. Corp., 56 So. 3d 82, 85 (Fla. 3d DCA 2011).

Moreover, if a party is seeking relief under Florida Rule of Civil Procedure 1.540, "[t]he moving party must produce sufficient evidence of mistake, accident, excusable neglect or surprise as contemplated by rule 1.540(b)[] before the court's equity jurisdiction may be invoked." Rude v. Golden Crown Land Dev. Corp., 521 So. 2d 351, 353 (Fla. 2d DCA 1988) (emphasis added). If the moving party fails to present evidence supporting a legal ground for relief from the judgment, it is an abuse of the trial court's discretion to vacate that judgment. See Lee v. Chung, 528 So. 2d 1313, 1315-16 (Fla. 2d DCA 1988).

Here, the Estate's motion did not allege a basis for relief from the final judgment under rule 1.540, nor did the Estate argue entitlement to relief under rule 1.540 at the hearing on its motion. Because the trial court had no jurisdiction outside of rule 1.540 to vacate the final judgment of foreclosure, the Estate's failure to seek relief under this rule, by itself, compels reversal of the order vacating that judgment.

Nevertheless, in this appeal, the Estate argues that this court can affirm the trial court's ruling under either of two subdivisions of rule 1.540(b).[1] First, the Estate

---

[1]While the Estate did not argue its entitlement to relief under rule 1.540 in either its written motion or at the hearing, it relies on this rule in this appeal under the tipsy coachman doctrine. See Butler v. Yusem, 3 So. 3d 1185, 1186 n.3 (Fla. 2009) ("The 'tipsy coachman' doctrine allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which

- 5 -

contends that the substance of its argument in the trial court would have allowed the court, on its own, to set aside the final judgment under rule 1.540(b)(3), which permits the court to vacate a final judgment based on the misconduct of an adverse party. However, it is incumbent on the party seeking to vacate a judgment under that rule to come forward with evidence to support its position, see Rude, 521 So. 2d at 353, and arguments of counsel do not constitute evidence, see, e.g., Justice v. State, 944 So. 2d 538, 540 (Fla. 2d DCA 2006) ("Representations by an attorney for one of the parties regarding the facts . . . do not constitute evidence." (quoting Eight Hundred, Inc. v. Fla. Dep't of Revenue, 837 So. 2d 574, 576 (Fla. 1st DCA 2003))); see also Aziz v. Aziz, 45 So. 3d 975, 978 (Fla. 2d DCA 2010) (noting that "unsworn representations by counsel about factual matters do not have any evidentiary weight in the absence of a stipulation" (quoting Daughtrey v. Daughtrey, 944 So. 2d 1145, 1148 (Fla. 2d DCA 2006))).  Here, counsel for the Estate argued at the hearing that the Bank engaged in improper ex parte dealings with the court; however, this argument, which is frankly contradicted by the record on appeal, does not constitute evidence of any actual misconduct.[2]  In the absence of any such evidence, the record cannot support this argument as a basis for affirmance.

---

would support the judgment in the record.' " (quoting Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002))).  We address these unpreserved arguments under this doctrine.

[2]The term "ex parte" is defined as some action being "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest." *Ex parte*, Black's Law Dictionary (10th ed. 2014) (emphasis added).  Here, when the motion to reschedule the foreclosure sale was clearly served on counsel for the Estate, it was not "without notice to" the party having an allegedly adverse interest.  We recognize that the title of the Bank's motion conflicted with its substance, but a party may not elevate form over substance to gain an improper advantage in litigation.

- 6 -

Second, the Estate contends that the trial court could have, again on its own, properly vacated the final judgment under rule 1.540(b)(5), which permits the trial court to vacate a judgment when it is "no longer equitable that the judgment or decree should have prospective application." However, rule 1.540(b)(5) requires the moving party to "allege new circumstances affecting the decision made by the trial judge." Gotham Ins. Co. v. Matthew, 179 So. 3d 437, 442 (Fla. 5th DCA 2015) (quoting In re Guardianship of Schiavo, 792 So. 2d 551, 561 (Fla. 2d DCA 2001)). In addition, the movant must establish that these new circumstances "make it 'no longer equitable' for the trial court to enforce its earlier order." In re Guardianship of Schiavo, 792 So. 2d at 560. At its core, there must be some new postjudgment fact or occurrence that requires the trial court, in equity, to recede from its prior order or judgment.

Here, the Estate did not allege any new or changed circumstances in its written motion. And while the Estate did establish at the hearing that a change had occurred after the entry of the final judgment, i.e., the setting aside of the clerk's default against Bank of America, the Estate did not establish why or how this change made it "no longer equitable" for the trial court to enforce the consent final judgment against the Estate. In fact, the Estate failed to offer even an argument from its counsel as to how it was prejudiced in any way by an order that simply converted a default final judgment against Bank of America into a consent final judgment against Bank of America. This superficial change in the nature of the judgment against Bank of America did not alter the equities of the situation so as to require the judgment against the Estate to be vacated.

- 7 -

Finally, the Estate's "discovery" of the satisfaction of Bank of America's junior mortgage cannot entitle it to relief under rule 1.540(b)(5). "The law is clear that something must have happened <u>after</u> the entry of final judgment that should 'equitably limit[ ]' the judgment's application." <u>Second Sunrise Inv. Corp.</u>, 56 So. 3d at 86; <u>see also</u> <u>Baker v. Baker</u>, 920 So. 2d 689, 692 (Fla. 2d DCA 2006) ("[T]his court has held that the equities mentioned in the rule's fifth ground are limited to ones that come to fruition after the final judgment."). Here, the satisfaction of Bank of America's mortgage was recorded in 2012, and the consent final judgment was not entered against the Estate until 2015. Because this satisfaction of mortgage was recorded three years before the final judgment was entered, it cannot possibly form the basis for relief under rule 1.540(b)(5).

In sum, because the Estate failed to either allege or prove any basis for vacating the final judgment of foreclosure against it, the trial court abused its discretion in vacating that judgment. Therefore, we must reverse and remand for reinstatement of the final judgment of foreclosure.

Reversed and remanded.

CASANUEVA and BADALAMENTI, JJ., Concur.