NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | Case No. 2D15-5388 |
| LORETTA J. STATSICK, | ) ) ) | |
| Appellee. | ) ) ) | |

Opinion filed July 14, 2017.

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Jack Day, Judge.

Kenneth P. Williams of Moffett Vitu Lascoe & Packus, P.C., Birmingham, Michigan; and Dorothy V. DiFiore of Quintairos, Prieto, Wood & Boyer, Tampa, for Appellant.

Paul Castagliola and Alexander T. Lewis of Paul Castagliola, P.A., St. Petersburg; and Raymond T. Elligett, Jr., of Buell & Elligett, P.A., Tampa, for Appellee.


SALARIO, Judge.

State Farm Mutual Automobile Insurance Company appeals from an order

granting a motion under Florida Rule of Civil Procedure 1.540(b) to vacate a stipulated

judgment in an action to recover personal injury protection benefits brought by Loretta Statsick. Ms. Statsick filed the motion to vacate after a question regarding the res judicata effect of the judgment arose in subsequent litigation. Her motion alleged, and the trial court found, that there was no "meeting of the minds" as to whether the stipulated judgment would reach claims of the type brought in that subsequent litigation. As a result, the trial court concluded that the agreement underlying the judgment was void and vacated the judgment. Neither the motion nor the resulting order specified the subsection of rule 1.540(b) that warranted relief.

We reverse on two bases. First, to the extent the trial court determined that relief was warranted under rule 1.540(b)(4) because the stipulated judgment—having been entered pursuant to a void agreement—was itself void, that was legal error; a judgment entered pursuant to a void settlement agreement is merely voidable, not void, and therefore not within the scope of subsection (b)(4). Second, to the extent the trial court's "meeting of the minds" finding was intended to support some other basis for relief under rule 1.540(b)—such as mistake under subsection (b)(1)—it was not, and on this record could not have been, supported by competent substantial evidence. We therefore remand with instructions to reinstate the stipulated judgment.

I.

Ms. Statsick is a former Michigan resident who now lives in Florida. She had automobile insurance under a State Farm policy issued in Michigan and, while visiting her former home state, was in a car accident there. A dispute later arose between Ms. Statsick and State Farm over the existence and extent of State Farm's obligation to pay PIP benefits to cover medical expenses Ms. Statsick claimed to have

incurred as a result of the accident. In 2011, Ms. Statsick sued State Farm in circuit court in Pinellas County, Florida, to recover those benefits.

As the case proceeded toward trial, State Farm served Ms. Statsick with a written offer to stipulate to the entry of a judgment made pursuant to a Michigan rule of civil procedure.[1] The offer was for "stipulated entry of a judgment for [Ms. Statsick's] whole claim in favor of [Ms. Statsick] and against [State Farm] in the amount of Thirty Thousand ($30,000) Dollars, inclusive of attorney fees, interest and costs now accrued." After an exchange of correspondence clarifying that the offer did not extend to Ms. Statsick's attorney's fees on a related claim she had made under uninsured motorist provisions of the State Farm policy, Ms. Statsick accepted State Farm's offer.

At a hearing shortly thereafter, the parties agreed on the record to the language of a judgment for the court to enter. It provided simply that "judgment is entered" in favor of Ms. Statsick and against State Farm "in the amount of Thirty Thousand ($30,000.00) Dollars, [i]nclusive of attorney fees, [i]nterest and costs now accrued, pursuant to Stipulation of the parties under [the Michigan rule]." The trial court then entered the judgment to which the parties had agreed. State Farm paid, and Ms. Statsick accepted, the $30,000 payment required by the stipulated judgment.

In 2014, Ms. Statsick brought a second action against State Farm in Pinellas County for additional PIP benefits arising out of the same policy and accident but based on medical expenses incurred subsequent to the 2011 litigation. That case

---

[1]The parties argue extensively about the applicability of Florida and Michigan law and various alleged differences between Florida and Michigan law. As our analysis in the text will make clear, these arguments are largely irrelevant to our resolution of the case. We note, however, that the parties do not dispute that it was permissible for State Farm to make this offer pursuant to the Michigan rule.

was assigned to the same trial judge who handled the 2011 case. State Farm moved for summary judgment arguing that Ms. Statsick's new complaint was barred by res judicata as a result of the stipulated judgment in the earlier case. Ms. Statsick argued that the preclusive effect of the stipulated judgment did not reach claims for PIP benefits based on expenses incurred subsequent to the operative complaint in the 2011 case and that the parties did not contemplate when they submitted the stipulated judgment that it would resolve claims for such medical expenses.

After a hearing at which both parties presented extensive argument, the trial court stated, apparently in view of the parties' significant divergence of opinion over whether the stipulated judgment barred Ms. Statsick's new claims, that the parties had not reached a "meeting of the minds" when they resolved the 2011 case. It later entered a written order denying State Farm's summary judgment motion, which purported to make an express "factual finding that there was no meeting of the minds regarding the Stipulated Judgment."

Ms. Statsick then filed a motion in the 2011 case pursuant to rule 1.540(b) to vacate the stipulated judgment, attaching as exhibits the stipulated judgment and the order denying State Farm's summary judgment motion in the 2014 case. Rule 1.540(b) provides for a trial court to relieve a party from an order or judgment in specified circumstances, such as where the order or judgment is void; where mistake, inadvertence, or excusable neglect warrants relief; or where there has been some newly discovered evidence that is important. Fla. R. Civ. P. 1.540(b)(1), (2), (4). Ms. Statsick alleged that relief under rule 1.540(b) was warranted because the trial court's factual finding that the parties had no "meeting of the minds" in its order denying summary judgment in the 2014 case rendered the parties' agreement to stipulate to a judgment

- 4 -

void and, as a result, rendered the stipulated judgment in the 2011 case unenforceable. Ms. Statsick's motion did not identify a specific ground of rule 1.540(b) under which she sought relief, although the content of the motion implied reliance on rule 1.540(b)(4), which provides for relief from void judgments.

The trial court agreed with Ms. Statsick concerning the "meeting of the minds," found that "the contractual settlement agreement underlying the Stipulated Judgment is void . . . as the parties failed to have a meeting of the minds on the essential terms of the agreement," and vacated the judgment. Like Ms. Statsick's motion, the trial court's order does not identify a particular rule 1.540(b) ground warranting relief, although it too implies that the trial court found the stipulated judgment void and ordered relief accordingly. State Farm timely appeals.

II.

We ordinarily review an order granting a motion under rule 1.540(b) for abuse of discretion. Belk v. McKaveney, 903 So. 2d 337, 337 (Fla. 2d DCA 2005). But see Wiggins v. Tigrent, Inc., 147 So. 3d 76, 80 (Fla. 2d DCA 2014) ("The de novo standard of review also applies to the review of an order [entered pursuant to rule 1.540(b)(4)] determining whether a final judgment by default is void for lack of personal jurisdiction . . . ."). Application of this standard to this case is complicated, however, by the fact that neither Ms. Statsick nor the trial court identified the provision of rule 1.540(b) under which relief was to have been granted. In this case, that makes a difference.

The most obvious candidate in terms of a basis for relief in view of the trial court's determination that the agreement leading to the stipulated judgment was void is that the judgment itself is void under rule 1.540(b)(4). A determination that relief under

rule 1.540(b)(4) was warranted on that basis depended, in turn, on the legal conclusion that when a settlement agreement forming the basis for a stipulated judgment is void, the resultant judgment itself is void. That conclusion presents a pure question of law, which we evaluate de novo. See Casteel v. Maddalena, 109 So. 3d 1252, 1255 (Fla. 2d DCA 2013) (holding that where a trial court's decision to apply rule 1.540(b) presents "purely a question of law, we apply a de novo review to that decision").

A judgment is void when it is entered by a court lacking jurisdiction over the subject matter of the case or jurisdiction over the person of the defendant or where there is a violation of due process. See Tannenbaum v. Shea, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014) (recognizing that due process violations affecting notice or the opportunity to be heard may void a judgment); Miller v. Preefer, 1 So. 3d 1278, 1282 (Fla. 4th DCA 2009) ("A void judgment is one entered in the absence of the court's jurisdiction over the subject matter or the person." (citing Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007))); see also Dep't of Health & Rehab. Servs. v. Morley, 570 So. 2d 402, 404 (Fla. 5th DCA 1990) (describing the "general rule that if a court has jurisdiction over the person and the subject matter, an error in the judgment does not make the judgment void, but rather reversible on appeal"). As a matter of law, then, the trial court could not declare the judgment in the 2011 case void absent allegations and proof that it had no subject matter or personal jurisdiction in that case or that a party was not given notice or an opportunity to be heard. Neither was alleged or proven here.

Instead, Ms. Statsick appears to have alleged and sought to prove that the stipulated judgment was void because the underlying agreement was void for want of a meeting of the minds. Florida courts have held, however, that this kind of problem in a

- 6 -

settlement agreement renders a resultant judgment merely voidable, not void.[2]  See Greenwich Ass'n, Inc. v. Greenwich Apartments, 979 So. 2d 1116, 1118 (Fla. 3d DCA 2008) ("The plaintiff first argues that the 2001 judgment must be stricken as void because the settlement agreement that it incorporated was . . . void . . . .  We disagree, and hold that the 2001 judgment was voidable, not void."); Morley, 570 So. 2d at 404 ("[D]oes the incorporation of a void agreement into a final judgment likewise render the final judgment void?  The answer is no."); see also Miller, 1 So. 3d at 1282-83 ("[B]ecause the trial court had jurisdiction over the subject matter of the 1992 litigation and personal jurisdiction over the parties, the inclusion of an illegal or void provision in the settlement agreement resolving that litigation does not render the final judgment incorporating that settlement agreement void per se; such a judgment is merely voidable.").  Although "[a] voidable judgment can be challenged by motion for rehearing or appeal and may be subject to collateral attack under specific circumstances," such a judgment "cannot be challenged at any time as void under rule 1.540(b)(4)."  Sterling Factors, 968 So. 2d at 665.  Thus, to the extent we are reviewing a legal determination that the 2011 judgment is void under rule 1.540(b)(4), that determination was error as a matter of law.

---

[2]Ms. Statsick argues that Polk County v. Sofka, 730 So. 2d 389 (Fla. 2d DCA 1999), holds differently, but she misreads that case.  The facts of Sofka are convoluted, but the bottom line is this: Sofka involved motions to enforce a settlement agreement that asked a trial court to overturn an order granting a new trial; it had nothing to do with an order under rule 1.540(b).  See Sofka, 730 So. 2d at 391.  There is some dicta in Sofka about a meeting of the minds, see id. at 392 n.3, but it says nothing about whether the absence of a meeting of the minds in an agreement involving the entry of a judgment renders a judgment entered pursuant to that agreement void under rule 1.540(b).

The parties, however, also argue that the trial court's decision may have rested on other provisions of rule 1.540(b), such as mistake under subsection (b)(1), fraud under subsection (b)(3), or that prospective application of the judgment is no longer equitable under subsection (b)(5). The abuse of discretion standard applicable under rule 1.540(b), although deferential, requires that the decision to exercise discretion and afford relief under any of these subsections be supported by competent substantial evidence. Sourcetrack, Inc. v. Ariba, Inc., 34 So. 3d 766, 768 (Fla. 2d DCA 2010) ("[D]iscretion can only be exercised by a court after it has received competent, substantial evidence permitting a discretionary decision."); see also Rude v. Golden Crown Land Dev. Corp., 521 So. 2d 351, 353 (Fla. 2d DCA 1988) ("Absent such evidence, a court's vacation of final judgment constitutes an abuse of discretion."). That evidence is entirely absent in this case.

Relief under any of these subsections of rule 1.540(b) hinges on the trial court's factual finding that there was no meeting of the minds as to whether the stipulated judgment would bar a suit for medical expenses incurred after the operative complaint in the 2011 case. That was the only factual allegation made in the motion to vacate, that is the only factual issue tethered to the record, and that is the only factual finding the trial court made. The problem is that this record lacks any evidence to support a finding that there was no meeting of the minds. The hearing on Ms. Statsick's motion to vacate the stipulated judgment was limited to argument of counsel. No evidence was presented either through witnesses or documents that would have permitted the trial court to make the factual finding that it did. See, e.g., PS Marinas 3 v. Marina Funding Grp., Inc., 889 So. 2d 167, 169 (Fla. 3d DCA 2004) ("A determination of the intention of the parties includes a consideration of the surrounding circumstances

when the agreement was entered into."); Speigel v. H. Allen Holmes, Inc., 834 So. 2d 295, 297 (Fla. 4th DCA 2002) (holding that a trial court's findings regarding meeting of the minds must be supported by competent substantial evidence). Because there was no evidence to support the finding upon which the trial court granted the motion, a decision to vacate the stipulated judgment based on that finding under any subsection of rule 1.540(b) was an abuse of discretion.[3] See Bank of N.Y. Mellon v. Estate of Peterson, 208 So. 3d 1218, 1222 (Fla. 2d DCA 2017) ("[I]t is incumbent on the party seeking to vacate a judgment under that rule to come forward with evidence to support its position, see Rude [v. Golden Crown Land Dev. Corp.], 521 So. 2d [351, 353 (Fla. 2d DCA 1988)], and arguments of counsel do not constitute evidence, see, e.g., Justice v. State, 944 So. 2d 538, 540 (Fla. 2d DCA 2006) . . . .").

Ms. Statsick relied on the trial court's separate factual finding in the 2014 case to provide evidence that there was no meeting of the minds, but that finding is pure surplusage without legal effect in this case. It was made in an order denying State Farm's motion for summary judgment in the 2014 case, which argued that the stipulated judgment was res judicata as to Ms. Statsick's claims in the 2014 case. The legal issues the trial court had to resolve in deciding whether to award summary judgment to State Farm were two: (1) whether State Farm had shown that there was no genuine issue as to any material fact concerning its res judicata defense (and, if so, whether Ms. Statsick had rebutted State Farm's showing) and (2) whether State Farm was entitled to judgment as a matter of law. See Fla. R. Civ. P. 1.510(c); see also Sherry v. Regency

---

[3]We reject Ms. Statsick's argument that State Farm admitted in a motion for stay filed in the trial court that there was no meeting of the minds because, when State Farm's statements are viewed in their context, that argument is not tenable.

- 9 -

Ins. Co., 884 So. 2d 175, 177 (Fla. 2d DCA 2004). It was required to answer those questions on a limited record of specific summary judgment evidence identified prior to the summary judgment hearing by State Farm in support of the motion and by Ms. Statsick in opposition to it, not a full record after an evidentiary hearing or a trial. See Fla. R. Civ. P. 1.510(c); State Farm Mut. Auto. Ins. Co. v. Figler Family Chiropractic, P.A., 189 So. 3d 970, 974 (Fla. 4th DCA 2016) ("[T]he rule . . . requires that the evidence in support of and in opposition to the motion be specifically identified[] prior to the hearing." (emphasis omitted)).

Given the limited scope of the summary judgment inquiry and record, the trial court was not in a position to make a finding of fact that conclusively resolved whether a meeting of the minds supported the stipulated judgment.[4] See Horner v. State, 158 So. 2d 789, 790 (Fla. 3d DCA 1963) ("The very nature of the rule which permits summary judgments, which recites that they may be entered when 'there is no genuine issue as to any material fact' indicates that it is not the function of a trial judge to make findings of fact and any made are purely surplusage." (quoting former Fla. R. Civ. P. 1.36(c))). The most it could have found in this case is that there was a genuine issue of material fact about whether the parties had a meeting of the minds and, as a result, that State Farm was not entitled to summary judgment on its res judicata defense. The trial court's finding in the summary judgment order in the 2014 case is thus immaterial to Ms. Statsick's motion to vacate in the 2011 case.

---

[4]In this regard, we note that at the summary judgment hearing the trial court itself hypothesized that there was another possible explanation for the parties' dispute as to the preclusive effect of the judgment—"[i]t may also have been the product of one or both of the parties deliberately going ahead with something ambiguous hoping they would come out on top when it was fought about later."

Having determined that the trial court's order on the motion to vacate must be reversed, we further conclude that remand to determine whether the stipulated judgment was the product of a meeting of the minds is unnecessary. See Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co., 20 So. 3d 952, 955 (Fla. 4th DCA 2009) ("An evidentiary hearing is unnecessary if a [r]ule 1.540(b) motion merely undertakes to rehash matters previously litigated at trial or raises inconsequential 'de minimus' matters."). The transcript of the hearing resulting in the parties' agreement to the judgment shows beyond dispute that the parties agreed, on the record and without ambiguity, to the judgment that the trial court should and did enter. That record further shows beyond controversy that the sole subject of their agreement was the entry of that judgment. That the parties now disagree about whether the judgment precludes claims for medical expenses subsequently incurred by Ms. Statsick does not change the fact that their minds met on the entry of the judgment that was the subject of their agreement. See Lunas v. Cooperativa de Seguros Multiples de Puerto Rico, 100 So. 3d 239, 241 (Fla. 2d DCA 2012) ("The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing." (quoting Hanson v. Maxfield, 23 So. 3d 736, 739 (Fla. 1st DCA 2009))); see also Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985) (same). In the final analysis, there is no question that the parties agreed to the same thing and that they received what they agreed to.

The question of whether the stipulated judgment reaches claims for medical expenses incurred subsequent to the operative complaint in the 2011 case is not a question of whether the parties agreed to the judgment in the 2011 case—they

- 11 -

did—but rather is a question of what the preclusive effect of that judgment is. Put differently, whether the stipulated judgment to which the parties agreed reaches Ms. Statsick's claims in the 2014 complaint is a matter of preclusion law, not contract law.[5] See Gallagher v. DuPont, 918 So. 2d 342, 346 (Fla. 5th DCA 2005) ("Although a judgment may be entered pursuant to a settlement, once the judgment is entered, its enforceability is not tied to the terms of the settlement." (citing Sands v. Granoff, 508 So. 2d 543 (Fla. 3d DCA 1987))); cf. Livingston v. Frank, 150 So. 3d 239, 244 (Fla. 2d DCA 2014) (holding that res judicata barred a subsequent claim related to the subject of a takings case that had been resolved by way of stipulated judgment). The stipulated judgment "is entitled to the same preclusive, res judicata effect as any other judgment issued by a Florida court." Arrieta-Gimenez v. Arrieta-Negron, 551 So. 2d 1184, 1186 (Fla. 1989); see also Sea Quest Int'l, Inc. v. Trident Shipworks, Inc., 958 So. 2d 1115, 1119 (Fla. 2d DCA 2007) ("The fact that the earlier action was concluded based on a consent judgment does not prevent the prior judgment from precluding the subsequent litigation."). Whether the stipulated judgment is res judicata as to Ms. Statsick's claims in the 2014 case is not before us in this appeal, and we express no opinion about it. We hold only that the parties' present disagreement about the res judicata effect of the judgment they agreed to enter presents no basis for vacating it under rule 1.540(b).[6]

---

[5]We address questions of preclusion by reference to Florida law because we are a Florida court evaluating a judgment rendered by a Florida court. See generally Restatement (Second) of Judgments ch. 6, intro. note (Am. Law Inst. 1982).

[6]Even if the record supported the factual finding that there was no meeting of the minds, we would reject the argument that there had been a mistake remediable under rule 1.540(b)(1). See Eagle FL VI SPE, LLC v. T & A Family P'ship, Ltd., 177 So. 3d 1277, 1280 (Fla. 2d DCA 2015) ("Nor does [rule 1.540(b)(1)] allow a party to avoid the consequences of a decision to settle litigation even if the party regards the settlement as 'bad' in retrospect." (quoting Smiles v. Young, 271 So. 2d 798, 802-03

The preclusive effect of the 2011 judgment on the 2014 litigation is what it is, regardless of what either party may have thought it was at the time they stipulated to its entry.

III.

For the foregoing reasons, we reverse the order granting Ms. Statsick's motion to vacate the stipulated judgment and remand the case to the trial court with instructions to reinstate that judgment.

Reversed and remanded.

WALLACE and SLEET, JJ., Concur.

---

(Fla. 3d DCA 1973))).  We would likewise reject the arguments that the record supports a finding of fraud under rule 1.540(b)(3) or that prospective application of the judgment is no longer equitable under rule 1.540(b)(5) because no evidence supports either ground.