NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


NEAPOLITAN ENTERPRISES, LLC,          )
                                      )
      Appellant,                      )
                                      )
v.                                    )        Case No. 2D19-4541
                                      )
ALAN FISHMAN,                         )
                                      )
      Appellee.                       )
_____)

Opinion filed September 30, 2020.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Collier County;
Lauren L. Brodie, Judge.

Mark D. Tinker of Cole, Scott & Kissane,
P.A., Tampa, for Appellant.

Mark Douthit of Douthit Law, LLC, Miami,
for Appellee.



BLACK, Judge.

      Neapolitan Enterprises, LLC, appeals from the order granting Alan

Fishman's motion for relief from judgment pursuant to Florida Rule of Civil Procedure

1.540(b)(2) based on newly discovered evidence.  Because Mr. Fishman failed to meet

his burden of establishing that despite acting with diligence he was unable to discover until several months after the jury trial that some of the medical records provided by his physician to Neapolitan Enterprises pursuant to the nonparty subpoena belonged to another patient with the same name, we reverse.

A jury found in favor of Neapolitan Enterprises in Mr. Fishman's action for negligence following his slip-and-fall accident on Neapolitan Enterprise's property, and the trial court entered the final judgment in favor of Neapolitan Enterprises on March 9, 2019. Mr. Fishman did not move for a new trial or appeal the final judgment. On May 31, 2019, Mr. Fishman filed a request with the lower court clerk to view the trial exhibits. And then on August 22, 2019, Mr. Fishman filed his rule 1.540 motion. Attached as an exhibit to the motion was Mr. Fishman's affidavit, dated August 16, 2019. In the affidavit, Mr. Fishman attested that posttrial—though he did not specify exactly when— he contacted his physician's office in order to "shed some light" on Neapolitan Enterprises' allegation at trial that he suffers from Parkinson's disease when, in fact, he does not. Mr. Fishman's physician advised him that some medical records belonging to another patient with the same name had been inadvertently provided to Neapolitan Enterprises and that the other patient has Parkinson's disease. Mr. Fishman asserted in his rule 1.540 motion that he was entitled to relief from the final judgment based on newly discovered evidence, claiming that he had not discovered until after the time to file a direct appeal had expired that some of the medical records provided by his physician and admitted into evidence at trial belonged to another patient. After consulting with his physician, Mr. Fishman alleged that he "immediately" contacted the lower court clerk to obtain the trial exhibits. Mr. Fishman did not indicate, however,

when he first contacted his physician posttrial, nor did he claim that despite his exercise of due diligence he was unable to discover until several months after trial that the wrong medical records had been sent to Neapolitan Enterprises and relied upon at trial.

An evidentiary hearing was held on Mr. Fishman's motion for relief from judgment. No evidence was presented establishing when Mr. Fishman first contacted his physician regarding the medical records or explaining why Mr. Fishman had been unable to learn of the error regarding the records until months after the trial. At the conclusion of the evidence, Mr. Fishman argued that he had established a claim of newly discovered evidence because it had not been "brought to [his] attention [until] after the trial" that some of the medical records relied upon by Neapolitan Enterprises belonged to another patient. The trial court entered an order granting Mr. Fishman's motion for relief from judgment based on newly discovered evidence pursuant to rule 1.540(b)(2).[1]

"We 'review an order granting a [rule 1.540(b)] motion . . . for abuse of discretion.' " Bayview Loan Servicing, LLC v. Dzidzovic, 249 So. 3d 1265, 1267 (Fla. 2d DCA 2018) (alteration in original) (quoting State Farm Mut. Auto. Ins. Co. v. Statsick, 231 So. 3d 528, 531 (Fla. 2d DCA 2017)). Rule 1.540(b)(2) permits a court to "relieve a party . . . from a final judgment" based on "newly discovered evidence which by diligence could not have been discovered in time to move for a new trial or rehearing."

---

[1]We note that Mr. Fishman also asserted in his motion in a rather cursory fashion that he was entitled to relief from the final judgment based on mistake, see Fla. R. Civ. P. 1.540(b)(1), because Neapolitan Enterprises "mistakenly presented evidence to the jury which belonged to another patient under the care of the same physician." Mr. Fishman did not, however, argue at the evidentiary hearing that he was entitled to relief based on mistake and instead presented argument only pertaining to his contention that the issue with regard to the medical records constituted newly discovered evidence.

Importantly, the movant bears the burden of establishing that he exercised due diligence. See Casteel v. Maddalena, 109 So. 3d 1252, 1258 (Fla. 2d DCA 2013) ("[T]o obtain relief from judgment based on newly discovered evidence, the movant must demonstrate that []he could not have discovered the evidence through due diligence within the time to move for rehearing or a new trial.").

Mr. Fishman did not assert or establish that despite exercising diligence he was unable to discover the error regarding the medical records until months after trial. Rather, he merely attested in his affidavit that he did not learn of the error until after the trial and argued at the evidentiary hearing that the evidence "was brought to [his] attention after the trial." This hardly constitutes diligence or vigilance as required by the law. See King v. Harrington, 411 So. 2d 912, 915 (Fla. 2d DCA 1982) ("It is the movant's burden to establish the exercise of due diligence. It is not sufficient to merely show that the evidence was not discovered or known to counsel until after trial."); Cleveland v. Crown Fin., LLC, 212 So. 3d 1065, 1069 (Fla. 1st DCA 2017) ("It is the movant's burden under rule 1.540(b) to establish the exercise of due diligence. It is not sufficient to merely show that the evidence was not known or discovered by counsel prior to trial. Rather, the movant must make his or her vigilance apparent." (quoting Brown v. McMillian, 737 So. 2d 570, 571 (Fla. 1st DCA 1999))); Schlapper v. Maurer, 687 So. 2d 982, 984 (Fla. 5th DCA 1997) (holding that because the movant did not act with diligence the evidence at issue did not constitute newly discovered evidence that would permit the trial court to set aside the final judgment pursuant to rule 1.540(b)(2)).

"Relief from judgment based on a newly discovered evidence claim should be seldom granted and only when the party seeking relief has exercised due diligence."

<u>Cleveland</u>, 212 So. 3d at 1069 (quoting <u>Hooks v. Quaintance</u>, 71 So. 3d 908, 911 (Fla. 1st DCA 2011)). Because Mr. Fishman failed to establish that he exercised due diligence in discovering the error with regard to the medical records, the trial court abused its discretion in granting his motion for relief from the final judgment. Therefore, we reverse the order granting relief from the final judgment and remand for the trial court to reinstate the final judgment. <u>See</u> <u>Belk v. McKaveney</u>, 903 So. 2d 337, 338 (Fla. 2d DCA 2005).

Reversed and remanded.


CASANUEVA and SILBERMAN, JJ., Concur.